WILLIAM T. MOFFET, Plaintiff in Error, *v.* HARVEY BROWN, Defendant in Error.

### ERROR TO MORGAN.

Errors of the court in reference to striking replications to pleas from the record, cannot avail a party who does not show that he had a good cause of action.

A defendant who has succeeded on a plea which is a complete answer to a declaration, is entitled to a judgment in bar, though the court may have stricken out replications to pleas improperly.

THIS cause was heard before WOODSON, Judge, and a jury, at October term, 1853, of the Morgan Circuit Court. Verdict and judgment for the defendant.

The bill of exceptions shows that the defendant filed amended pleas, numbered two and three, and by special leave of the court the plaintiff was allowed to file four several replications to each of said pleas. That before proceeding to trial, the defendant filed a motion to strike all these replications from the files except the first, which motion was heard and allowed by the court, the court giving plaintiff leave to elect which replication he would have, which election he declined to make. That there was evidence in the depositions in the cause, (which depositions are not otherwise referred to in the bill of exceptions) conducing to prove that the plaintiff was *bona fide* holder of the note sued on by assignment, before the note became due. The plaintiff moved for a new trial because of the striking out of the replications, and for refusing an instruction.

This is the substance of the bill of exceptions. The instruction is not referred to in the opinion of the court, and therefore it is not copied here.

D. A. SMITH, for Plaintiff in Error.

M. McCONNELL and W. BROWN, for Defendant in Error.

CATON, J. The declaration in this case was on a promissory note, to which the defendant filed the general issue and two special pleas. The plaintiff took issue upon the first plea, and by leave of the court filed four several replications to each of the special pleas. Before the trial, on motion of the defendant, the court struck out the three last replications to each plea, to which the plaintiff excepted. The defendant then took issue upon the two remaining replications. The issues thus joined were then submitted to a jury, who rendered a verdict upon all the issues in favor of the defendant, upon which judgment was rendered, which is now brought here for reversal.

The verdict of the jury upon the general issue being in favor of the defendant, establishes the fact conclusively, so far as this record is concerned, that the defendant did not undertake and promise in manner and form as he is declared against, or that he has paid the note. No complaint is made that this verdict was not warranted by the evidence. Indeed, none of the evidence is preserved in the bill of exceptions, so that it does not appear that the plaintiff ever produced the note declared on, or offered any other evidence in support of his declaration. We must presume, then, that the plaintiff had no cause of action, and that being the case, no matter how many good answers he may have shown or been able to show to the two special pleas, this could not help the case, for those replications which were stricken out could not have given him a cause of action. At most, they could only have rebutted an answer which the defendant might have proved to a cause of action which he should have proved, but which the verdict informs us he did not. Until a cause of action was proved, the contingency did not happen which could enable the pleas to exercise any influence upon the rights of either of the parties. No matter how much the court erred in reference to or in connection with those pleas, it could damnify the plaintiff nothing, so long as he had no cause of action originally which could be injured by such errors. There is no complaint that there was any error either by the court or jury in connection with the first plea and the verdict thereon. That verdict being upon valid pleadings in which there is no error, is of itself a

complete bar to the action. In examining the plaintiff's complaints of wrongs done him, we are met at the threshhold with the fact that he had no rights to be injured, and without a right he could not suffer a wrong. We find his case completely disposed of before we reach the grounds of his complaint. He can only have a standing in a court of justice for the purpose of ascertaining a supposed right, and as soon as it is established legally that he has no such right, his own standing in court ceases to be legitimate. It was well said by this court, in the case of *Dana* v. *Bryant,* 1 Gilm. 107, that " the principle is undeniable that the defendant succeeding on one plea, which is a complete answer to the declaration, shall have judgment in his favor in bar of the action." Here he has succeeded on such a plea, and is entitled to a judgment in bar, though the court may have stricken out the replications improperly. The judgment must be affirmed.

*Judgment affirmed.*