## City of Bloomington v. L. K. Calhoun et al.

1. Debt—*Pleas in Actions upon Collector's Bonds.*—A plea to an action upon the official bond of a tax collector, stating that the principal defendant was duly elected to the office of township collector of taxes and duly qualified for such office according to law; that afterward the city of Bloomington pretended to appoint him collector of the general taxes for that part of the city of Bloomington lying in Bloomington township, and to fix his salary or fees on that fund at one per cent of the amount he should collect; that afterward, by virtue of his said office

of township collector of taxes, and under a warrant under the hand and seal of the county clerk, he collected certain general taxes specified in said warrant; that among these taxes so collected was the sum of $66,599.82, part of the sum directed in said warrant to be collected and turned over to the city of Bloomington; that the balance of the sum so directed in the said warrant to be collected and turned over to the said city he was unable to collect, but duly accounted for the same as by law directed; that out of the sum so collected belonging to the city fund he retained the lawful commissions of the office of township collector, to wit, two per cent, amounting to $1,331.99; that the balance, namely, $66,267.63, he duly turned over to the said city of Bloomington on or before April 22, 1898, whereupon, his liability to the said plaintiff, the city of Bloomington, wholly ceased, *absque hoc*, etc., sets up a good defense to the declaration.

2. CITIES—*Can Not Fix the Fees of Township Collectors.*—The city of Bloomington can not, by ordinance or otherwise, deprive the town collector from retaining his full commission from the city taxes collected by him as town collector.

3. PRACTICE—*Entering Judgment on Demurrer.*—Where the facts set up in a plea constitute a complete defense to the entire claim made in the declaration, and are confessed by demurrer, the court may properly enter judgment for the defendants.

**Debt**, on an official bond. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

WM. R. BACH, attorney for appellant; SIGMUND LIVINGSTON, of counsel.

HART & HOFFMAN, attorneys for appellees; CALVIN RAYBURN, of counsel.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of debt by the appellant against the appellees, tried in the Circuit Court of McLean County upon a bond, of which the following is a copy:

"Know all men by these presents—That we, L. K. Calhoun as principal, and Peter Whitmer, Hamet N. Senseny, George F. Dick, C. J. Northrup, W. S. Rodman, J. Kennan and Lincoln H. Weldon as sureties, all of the county of McLean and State of Illinois, are held and firmly bound unto the city of Bloomington, in the State of Illinois, in the

penal sum of one hundred eighty-eight thousand five hundred forty-four dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs. executors, administrators, jointly and severally, firmly by these presents.

Signed with our hands and sealed with our seals, and dated this 30th day of December, A. D. 1897.

The condition of the above obligation is such that, whereas, on the third day of May, A. D. 1897, the above bound L. K. Calhoun was appointed by the city council of said city collector of taxes for that part of the city of Bloomington lying in Bloomington township. Now, if the said L. K. Calhoun shall well and truly perform, all and singular, the duties required of him by the laws of Illinois and ordinances of said city, as collector aforesaid, and shall justly and truly account for and pay over all moneys which may come into his hands, under any process or otherwise, by virtue of his said office, and shall promptly and faithfully discharge all the duties of his said office, then the above obligation to be void, otherwise to remain in full force and virtue.

|  |  |
|---|---|
| L. K. CALHOUN. | [SEAL.] |
| PETER WHITMER. | [SEAL.] |
| HAMET N. SENSENY. | [SEAL.] |
| GEORGE F. DICK. | [SEAL.] |
| C. J. NORTHRUP. | [SEAL.] |
| W. S. RODMAN. | [SEAL.] |
| J. KENNAN. | [SEAL.] |
| LINCOLN H. WELDON. | [SEAL.]." |

The original declaration averred that on December 30, 1897, appellee Calhoun took and subscribed the prescribed oath of office as collector of taxes for that part of the city of Bloomington lying in Bloomington township, in the county of McLean and State of Illinois, and on December 31, 1897, filed with the city clerk of said city said bond and oath of office, and the bond was approved on that day by the city council of the city of Bloomington; and that thereupon appellee Calhoun took upon himself the performance of the duties of that office. The declaration further avers that he has not faithfully discharged the duties of said office as required of him by law; and assigns as a breach of the condition of the bond that appellee Calhoun collected $66,599.82 of the taxes belonging to the city of

Bloomington and failed to pay over to said city all of the same, unjustly detaining from the city, over and above his salary as such collector, the sum of $655.99 thereof, which amount justly belongs to the city and has been demanded of him by its proper officers, but has not been paid.

To the declaration the defendants interposed pleas as follows: (1) a plea of *non est factum;* (2) plea of *nil debet;* (3) plea of general performance; (4) plea setting up that L. K. Calhoun was duly elected collector of taxes for the township of Bloomington on April 1, 1897, and on November 1st he duly qualified as such collector and gave the bond required by statute; that afterward, upon request of appellant, he gave the supposed bond sued on in this case, without receiving from appellant any additional rights or privileges over and above what was already his by virtue of his election and qualification as township collector, and without there being any consideration for the giving of the supposed bond; (5) and (6) pleas embodying all the matters in the four other pleas.

Afterward an additional account was filed to the declaration, in which it was further averred that on May 14, 1897, the city council of Bloomington duly passed an ordinance entitled "An ordinance fixing salaries of officers and employes of the city of Bloomington for the fiscal year ending April 30, 1898," by which ordinance the compensation of the city collector for that part of the city of Bloomington lying in Bloomington township was fixed at one per cent of the amount collected by him, which ordinance was approved by the mayor of said city on May 15, 1898, and that the amount of taxes collected and unpaid by appellee, as such city collector, was $1,331.98.

The defendants interposed to the original and amended declarations what is called in this record their *first* and *second additional pleas.*

"The first additional plea avers that defendant ought not to be charged with the debt by virtue of said writing obligatory, because the defendant was not appointed city collector of taxes, and because he never qualified as said city collector of taxes, and because he never collected

City of Bloomington v. Calhoun.

$66,599.82, or any other sum as city collector of taxes, or under any authority derived from the plaintiff, the city of Bloomington, and he does not detain $655.99 nor $1,331.98, nor any other sum of money which belongs to the city of Bloomington."

The second additional plea is as follows:

" And for further plea in this behalf the defendants say that they ought not to be charged with the said debt, by virtue of the said writing obligatory, because they say that, on, to wit, the first Tuesday in April, 1897, the defendant, L. K. Calhoun, was duly elected to the office of township collector of taxes and duly qualified for such office according to law; that afterward the city of Bloomington pretended to appoint him, the said L. K. Calhoun, collector of the general taxes for that part of the city of Bloomington lying in Bloomington township, and to fix his salary or fees on that fund at one per cent of the amount he should collect.

That afterward, by virtue of his said office of township collector of taxes, and under a warrant under the hand and seal of the county clerk, he collected certain general taxes specified in said warrant; that among these taxes so collected was the sum of $66,599.82, part of the sum directed in said warrant to be collected and turned over to the city of Bloomington. The balance of the sum so directed in the said warrant to be collected and turned over to the said city he was unable to collect, but duly accounted for the same, as by law directed; that out of the sum so collected belonging to the city fund he retained the lawful commissions of the office of township collector, to wit, two per cent, amounting to $1,331.99; that the balance, namely, $66,267.63, he duly turned over to the said city of Bloomington on or before April 22, 1898; whereupon his liability to the said plaintiff, the city of Bloomington, wholly ceased, without this, that on, etc., the defendant, L. K. Calhoun, was appointed by the city of Bloomington city collector of taxes and collected the taxes mentioned in the plaintiff's declaration and unlawfully retains the sum of $665.99, or $1,331.98, which in right and equity belong to the city of Bloomington, as the plaintiff in this declaration has alleged; and this the defendants are ready to verify; wherefore they pray judgment if they ought to be charged with the said debt by virtue of the said writing obligatory."

The appellant filed a similiter to first plea, a replication

to the fourth, and demurred to the second, third, fifth, sixth, and the first and second additional pleas. The court sustained the demurrer to the second, third, fifth and sixth pleas, and overruled it to the first and second additional pleas. The appellees, by leave of court, withdrew their first additional plea, and appellant stood by its demurrer to the second additional plea, and the court· gave judgment for appellees, in bar of the action.

The appellant urges us to reverse that judgment on the grounds (1) that the court improperly held the second additional plea good, when in law it set up no defense to the declaration; and (2) the court improperly gave final judgment for the appellees when there were other issues pending and undetermined.

The second amended plea, in effect, sets up that Calhoun was duly elected, gave bond and qualified as collector of taxes for the town of Bloomington, in McLean county, Illinois, and as such town collector he received from the county clerk of that county the warrant prescribed by law, commanding him as such town collector, to collect the taxes mentioned in the declaration; that he collected said taxes as such town collector, and under the command of that warrant he turned over and accounted to the appellant for all of said taxes so collected, except two per cent thereof, which he retained as his fees for collecting the same, as he lawfully might; and that he did not collect said taxes as city collector, and did not unlawfully retain the sum of $665.99 or of $1,331.99, as alleged by appellant in its declaration.

The appellant, by its demurrer, admits the facts set up in this plea to be true.

By the provisions of Section 122 of Chapter 120, Starr & Curtis' Ill. Statutes (1896), the proper authorities of the cities in this State shall annually certify to the county clerks the several amounts which they severally require to be raised by taxation; by section 123 of same chapter, the county clerk shall annually make out in books, for the use of collectors, correct lists of taxable property, as assessed and

equalized; by section 124, same chapter, in counties under township organization; said books shall be made to correspond with the organized townships; by section 125, same chapter, it is provided how the county clerks shall prepare the collectors' books and that they shall contain proper columns for the extension of the several kind of taxes; by section 127, same chapter, the county clerks shall estimate and determine the rate per cent upon the proper valuation of property in the respective towns, townships, districts and incorporated cities, towns and villages in their counties, that will produce within the proper divisions the net amount of the sums that shall be required or certified to them according to law; by section 128, same chapter, the city taxes shall be extended against the assessed and equalized valuation of property within their respective jurisdictions; by section 132, same chapter, to each collector's book a warrant under the hand and official seal of the county clerk shall be annexed, commanding the collector to collect, from the several persons named in said book, the amounts opposite their respective names, and the warrant shall direct the collector to pay over the several kinds of taxes collected by him to the respective officers entitled thereto, less the compensation for collection allowed by law; by section 36, chapter 53, Ib., each town collector shall be allowed a commission of two per cent on all moneys collected by him, to be paid out of the respective funds collected, with the proviso that all excess of commissions and fees over $1,500 shall be paid into the town treasury; by paragraph 61, chapter 139, Ib., at the annual town meeting in each town, there shall be elected by ballot, one collector, who shall hold office for one year; by paragraph 88, same chapter, the town collector is required to give bond prescribed by law before he enters upon the duties of his office; by section 133, chapter 190, Ib., the form and amount of a town collector's bond is prescribed; by section 138, chapter 120, Ib., it is made the duty of the county clerks to deliver to the collectors the books for collection of taxes; by sections 136 and 138 of chapter 120, Ib., to each town collector's book is required to be annexed, by the

county clerk, a warrant under his hand and seal, commanding such collector to collect from the several persons named in said town collector's book, the several sums of taxes therein charged opposite their respective names, and directing the town collector, after deducting the compensation to which he may be legally entitled, to pay over * * * to the city treasurer * * * the taxes or special assessments collected by him for such city; by section 155, chapter 120, Ib., every town collector, upon receiving the tax book or books, shall proceed to collect the taxes therein mentioned; by section 163, chapter 120, Ib., whenever any person shall pay the taxes charged on any property, the collector shall enter such payment in his book, and give a receipt therefor, and enter the name of the owner or person paying tax opposite each tract or lot of land, and when he collected the tax thereon; by section 164, chapter 120, Ib., the town collector shall every thirty days, when required so to do by the proper authorities of cities for which any tax is collected, render to said authorities a statement of the amount of each kind of taxes collected for the same, and at the same time pay over to such authorities the amount so shown to have been collected; by section 157, chapter 120, Ib., each town collector shall make final settlement for the city taxes charged in the tax books, at or before the time fixed in this act for paying over and making final settlement for State and county taxes collected by him (by section 169, chapter 120, Ib., the time fixed is March 10th), and in such settlements, the town collectors shall be entitled to credit for the amount of their commissions on the amount collected; by section 174, chapter 120, Ib., if the town collector shall fail to make final settlement, or pay over the amount in his hands, when required in this act, the county collector shall forthwith cause the bond of such town collector to be put in suit, and to recover the sum due for all taxes and special assessments due, and twenty-five per cent damages, with costs of suit; and by section 175, chapter 120, Ib., upon final settlement by any town collector of the amount of taxes directed to be collected by him, in any of the towns of this State, the

county collector shall, if requested, give to such town collector or any of his securities, a satisfaction piece in writing.

In construing section 36, chapter 53, *supra*, our Supreme Court, in Ryan et al. v. The People, for the use of the town of West Chicago, 117 Ill. 486, held that the excess of commissions and fees over $1,500 allowed to town and district collectors, by the proviso of that section, must be paid into the town treasury, and that so much of such excess as arises from the two per cent allowed such collector, for collecting city taxes on property in city limits within his township, does not belong to such city, but to the town; and that by the various provisions of our general revenue act (being chapter 120, *supra*), in a county under township organization, "all taxes are required to be collected by the town collector."

From the various provisions of our statutes governing the assessment and collection of city taxes, some of which are above referred to, and the questions decided in Ryan et al. v. The People, etc., *supra*, we are compelled to conclude that the facts set up in the second amended plea above quoted are a good defense to the declaration, because appellee Calhoun as collector of the town of Bloomington, had the right, and it was his duty, to collect the city taxes levied upon property in the part of the city of Bloomington within that town; and in obedience to the express command of the warrant issued to him as such town collector, by the county clerk of McLean county, it was his duty to pay the same, less his commissions of two per cent thereon, to the city of Bloomington, all of which, in this plea, he says he did.

Besides the appellee Calhoun by paying to the city of Bloomington all its city taxes which he collected as such town collector, in the town of Bloomington, except his commission of two per cent for collecting same, which the statute allows him, and a part or all of which, for all that appears in this record, he may have to pay to the town of Bloomington, thereby obeyed the express commands of the warrant under which he collected them, and in so doing he

is protected by it from any further liability to the city for
any part thereof.

Counsel for the appellant insist, however, that by the
terms and recitals of the bond sued on, and the pro-
visions of section 36 of chapter 53, *supra*, and the ordi-
nance of the city of Bloomington set up in the additional
count of the declaration, the appellees are liable on the bond
sued on for all the city taxes that he collected except one
per cent thereof, which is all that said city ordinance allows,
notwithstanding the provisions of the statute and the de-
ciscision in the Ryan case, *supra*.

But we think that the city of Bloomington could not, by
ordinance or otherwise, deprive the appellee Calhoun, as
town collector, from retaining his full two per cent commis-
sions from the city taxes collected by him as town collector,
nor are there any recitals or provisions in the bond that
estopped or otherwise precluded the appellees from pleading
as a defense thereto that Calhoun did not collect the taxes
mentioned in the declaration as city collector, and averring
that he did collect the same as town collector, and had paid
to said city all of the same, except his lawful commissions
thereon as town collector; for the bond sued on does not
recite that Calhoun was appointed city collector by the city
council of the city of Bloomington, but merely recites his
appointment as collector, and by the provisions of paragraph
113, Chap. 24, Starr & Curtis' Ill. Stat. 1896, 736, city taxes
must be collected by the same officers as State and county
taxes; and the ordinance set up in the amended count of the
declaration, by which the commission allowed by it to the
collector was to be limited to one per cent on the amount
collected by him, was approved by the mayor of said city,
May 15, 1898, which was long after the bond sued on was
executed and approved, as appears by the averments in the
declaration.

Had the appellees denied, by the second amended plea,
that L. K. Calhoun was appointed by the city council of the
city of Bloomington collector of taxes for that part of the
city of Bloomington lying in Bloomington township, they
would have been estopped by the recitals in the bond from

pleading that he was not so appointed, because by the averments of the declaration it is stated that the bond sued on was signed by the appellees, and that it recites such appointment, and the law is, that such recitals are binding upon those signing the bond, and estop them from denying same.

The vital facts set up in the second amended plea, and which we hold show a complete bar to the whole declaration, are, that appellee Calhoun was town collector, and received the amount of taxes mentioned in the declaration as such town collector; that he paid to the city of Bloomington (appellant) all of said taxes except his lawful commissions as such town collector; and that he did not receive said taxes as city collector.

The other contention of counsel for the appellant, that the Circuit Court improperly entered final judgment when there were other issues of fact pending and undetermined, we think, ought not to prevail, because the second amended plea answers the cause of action set out by both the original and amended declaration, both charging a breach of the bond set out in each count, and by a copy attached to each and made a part thereof respectively, which shows but one and the same bond; the breach of that bond in both counts being the same, namely, a failure and refusal of Calhoun, the principal named in the bond, to pay over all the moneys collected by him as city collector for city taxes paid to him by persons owning property within that part of said city lying in Bloomington township.

The facts set up in the second amended plea being confessed by the demurrer, and they showing a complete defense to the entire claim made in the declaration, the Circuit Court properly entered judgment for the defendants (appellants) in bar of the action, under the rule that if a defendant succeeds upon one plea, which is a complete answer to the declaration, he shall have judgment in his favor in bar of the action, although there may be other issues of fact undisposed of.    Bissell et al. v. Kankakee, 64 Ill. 249; and Moffet v. Brown, 16 Ill. 91.

Finding no reversible error was committed by the Circuit Court, we affirm the judgment.   Judgment affirmed.