THE CITY OF ANNA

v.

CORNELIUS O'CALLAHAN.

</div>

1. MUNICIPAL OFFICER—INTERESTED IN CONTRACT.—If a municipal
officer contracted to furnish an article to the corporation or city, and had an
interest in its sale, he would come within the prohibition of the statute for-
bidding such contracts by a city officer; but if he only ordered the article by
authority of the city and advanced the money to pay for it, he would not.

2. AUTHORITY TO PURCHASE.—One member of a committee of the city
council cannot, without the concurrence of the other members of the commit-
tee, or a majority of them, authorize the purchase of an article for the use of
the city.

APPEAL from the Circuit Court of Union county; the Hon.
MONROE C. CRAWFORD, Judge, presiding.

City of Anna v. O'Callahan.

Mr. Alexander J. Nisbit and Mr. W. C. Moreland, for appellant; that appellee, being an officer of the city at the time, could not become interested in a purchase for the use of the city, cited Rev. Stat. 1874, 225, § 78; Smith v. Eureka Flour Mills Co. 6 Col. 1; Maddox v. Graham, 2 Met. 56; Abbott's Dig. Law of Cor. 668.

Corporations and their officers can only act within the scope of the powers conferred by the charter, and such powers are to be strictly construed: 1 Dillon on Mun. Cor. 173; Minturn v. Larue, 23 How. 435; Thompson v. Lee Co. 3 Wall. 320; Thompson v. Richardson, 12 Wall. 349; Clark v. Davenport, 14 Iowa, 495; Messiam v. Moody's Ex. 25 Iowa, 163; Nichol v. Mayor, etc., 9 Humph. 252; Leonard v. Canton, 35 Miss. 189; Douglass v. Placeville, 18 Col. 643; Argentine v. San Francisco, 16 Cal. 282; Wallace v. San Jose, 29 Cal. 180; Lafayette v. Cox, 5 Ind. 38; Bank v. Chillicothe, 7 Ohio, 31; Collins v. Hatch, 18 Ohio, 523; Smith v. Madison, 7 Ind. 86; Kyle v. Molin, 8 Ind. 34; Willard v. Killingworth, 8 Conn. 247; Brady v. Mayor, etc., 20 N. Y. 312; Hodges v. Buffalo, 2 Denio, 110; Halsted v. Mayor, etc., 3 Comst. 480; Boom v. Utica, 2 Barb. 104.

The journal showing proceedings of the common council was competent evidence: Rev. Stat. 1874, 224.

Appellant is not required to file a bond on appeal: Rev. Stat. 1874, 242.

An unauthorized contract, however advantageous, does not bind a corporation: Jeffersonville v. Ferry Boat, 35 Ind. 19; Seibrecht v. New Orleans, 12 La. An. 496; Wood v. Waterville, 5 Mass. 294; Jones v. Lancaster, 4 Pick. 149.

Assent of the corporation must be shown: 1 Dillon on Mun. Cor. 479.

The common council cannot authorize an expenditure exceeding the annual tax levy: Rev. Stat. 1874, 227; Weston v. Syracuse, 17 N. Y. 110; 1 Dillon on Mun. Cor. 204.

Persons contracting with a municipal corporation, must inquire into the power to make the contract: 1 Dillon on Mun. Cor. 463; Root v. Wallace, 4 McLean, 8.

Where the charter prescribes what contracts and under what

formalities the officers may contract, there must be a compliance with it: Butler v. Charleston, 7 Gray, 12; Appleby v. Mayor, etc. 15 How. Pr. 428; Baltimore v. Erchbach, 18 Md. 276; White v. New Orleans, 15 La. An. 667; Abbott's Dig. on Corporations, 442.

Individual members of the city council cannot bind the city by their contracts: Lottman v. San Francisco, 20 Cal. 96; Leavenworth v. Rankin, 2 Kan. 357; Abbott's Dig. on Corporations, 520; Cowen v. West Troy, 43 Barb. 48; Johnson v. Common Council, 16 Ind. 227; Brady v. Mayor, etc. 20 N. Y. 312.

Mr. MATTHEW J. INSCORE, for appellee; insisted that the statute prohibiting a city officer to become interested in contracts for the city, has no application in this case, and cited Rev. Stat. 1874, 240, § 169.

All exceptions must be taken at the time of trial: Rev. Stat. 1874, 782, § 60; Clemson v. Kruper, Beecher's Breese, 210; Buckmaster v. Beames, 4 Gilm. 443; Dickhut v. Durrell, 11 Ill. 72; Lincoln v. Claflin, 7 Wall. 132; Grimes v. Butts, 65 Ill. 347; St. L. A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326; Brown v. Clement, 68 Ill. 192; Seibel v. Vaughn, 69 Ill. 257.

The bill of exceptions does not purport to contain all the evidence: Ottawa Gas Co. v. Graham, 35 Ill. 346; Buckland v. Goddard, 36 Ill. 206; Ballance v. Leonard, 37 Ill. 43; Estey v. Grant, 55 Ill. 341; Goodrich v. City of Minonk, 62 Ill. 121; Wilson v. McDowell, 65 Ill. 522; Culliner v. Nash, 76 Ill. 515; Henry v. Holloway, 78 Ill. 356.

ALLEN, J.   Appellee brought suit for $31.20 against appellant before a justice of the peace, and recovered a judgment for that sum and costs.   An appeal was taken by appellant to the Circuit Court of Union county, and the cause was tried by a jury in that court, which resulted in a verdict for appellee for that sum.   A motion was entered by appellant for new trial. That motion was overruled by the Circuit Court and judgment rendered on verdict for $31.20, which appellee claims to have paid for a pump ordered by the city authorities through him

for one of the public wells of the city, and its payment is resisted by appellant on two grounds: 1. That appellee had no authority to order the pump. 2. That as an officer of the city he could not make a contract for its purchase. The evidence shows that appellee was at the time the pump was procured, the city clerk.

That at that time the city council had a committee of three of its members, whose duty it was to look after the city wells. That Bohannon, Henderson and Trent were members of that committee.

The evidence of the appellee is that Bohannon told him to order the pump; that he, Bohannon, said he had the concurrence of Henderson, another member of the committee, in making the order. That in pursuance of the order he wrote to St. Louis and procured the pump, and paid the charges on same, amounting to $31.20. That he had no authority to do so from any one but Bohannon; but that after the pump was put in the well Henderson said to appellee that it was a valuable improvement.

Bohannon testifies that he had a conversation with appellee about the well, and that he (Bohannon) recommended the pump, but that he had had at that time no conversation with Henderson about the pump.

Henderson testifies that he never had any conversation with Bohannon about the pump; that he knew nothing about it until after it was purchased and put in the well.

Trent, the chairman of the committee, testifies that he knew nothing about the pump till the appellee's bill was presented for payment, and that he was opposed to putting a pump in the well.

Sec. 78, Rev. Stat. 1874, 225, provides that no officer of a city shall be "interested in any contract work or business of the city," etc., and appellant insists that appellee in this transaction comes within the provision of this section, and he is not entitled to recover. If appellee contracted to furnish a pump, and had an interest in its sale to the city, then he would be within its purview. If he only ordered a pump by authority of the city and advanced the money to pay for it, then he would not. The

construction of the section given by appellant would prevent the city from procuring any material which it might need, for this could only be done through some one or more of its officers. This very narrow construction would prohibit the clerk or any one else belonging to the city government from purchasing even the necessary stationery for the business of the city council. We think that this objection of appellant is not well taken.

There are some other points made by appellant, but they are, in the opinion of the court, not of sufficient importance to require comment.

The only remaining question to be considered is, did the evidence in this case support the verdict of the jury? This court would not be inclined to reverse a cause when the evidence was conflicting, or even when the court might think the weight of evidence was against the finding.

In this case the appellee says the only "authority he had to order the pump was from Bohannon." Bohannon could not make the order without a concurrence of other members of the committee, or at least a majority of them. The other members of the committee on improvement repudiate the order, deny that Bohannon was authorized by them to give any such order, and deny that since the pump was procured they have in any way ratified the order for its purchase.

We think the evidence fails to show any authority to order the pump that could bind the city to pay for it, and that the court erred in overruling the motion for a new trial, and for this reason this cause is reversed and remanded.

Reversed and remanded.