MICHAEL W. RYAN *et al.*

*v.*

THE PEOPLE, for use of Town of West Chicago.

*Filed at Ottawa March 6, 1886.*

1. TOWN COLLECTOR — *excess of the two per cent commissions over $1500—into what treasury to be paid—town or district.* Section 36, chapter 53, of the Revised Statutes of 1874, declares: "Each town or district collector shall be allowed a commission of two per cent on all moneys collected by him, to be paid out of the respective funds collected: *Provided,* * * * that all excess of commission and fees over $1500 shall be paid into the town or district treasury."

2. This is construed to mean, that in the case of a town collector, which ·appertains alone to counties under township organization, such excess shall in all cases be paid into the town treasury, and not elsewhere.

3. The "district treasury" mentioned in the act, means the county treasury in counties not under township organization, each county in the State within that class being, for the purpose of collecting taxes, a "collection district," and the sheriff of the county is, by virtue of his office, "district" collector. And so the distinction is to be taken between the "town collector" and the "district collector," and correspondingly as to the "town treasury" and the "district" or county treasury, in respect to which shall be entitled to receive the surplus of the two per cent commissions over and above the $1500 allowed to the collector as his actual compensation.

4. In this case the town collector of the town of West Chicago, which embraces a portion of the city of Chicago, had collected for a given year, town taxes, State and county taxes, and, with others, city taxes. The excess over $1500 of commissions on all the taxes so collected was paid by the collector into the town treasury, except that arising from the city taxes, which he declined to pay, and to recover which the town brought suit upon his official bond. A recovery was had, and was sustained by this court.

5. SAME—*constitutionality of the act in so disposing of the commissions on the city taxes.* The construction given to the statute which requires the excess of the commissions on the city taxes collected by the town collector to be paid into the town treasury, does not render the act obnoxious to the constitutional objection that the levy of that portion of the taxes for such a purpose was not for a corporate purpose. The legislature had the power to require the city taxes to be collected by the town collector, and in doing so, to give the direction it did to the commissions arising therefrom.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. A. W. GREEN, for the plaintiffs in error.

Messrs. MOORE & BROWNING, for the defendants in error.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

The town of West Chicago brought an action of debt in the circuit court of Cook county, against Michael W. Ryan and his sureties, on his official bond, as collector of said town, to recover an alleged balance in his hands due the town on account of the taxes collected by him for the year 1881. The court overruled a general demurrer to the declaration, and the defendants declining to answer further, final judgment was thereupon entered against the defendants for the amount of the town's claim. On appeal to the Appellate Court that judgment was affirmed. The case is brought here by writ of error.

It is shown, by proper averments in the declaration, that Ryan collected the taxes for the year 1881, consisting of the following items: Park taxes, $35,932.92; town taxes, $16,-151.61; State taxes, $57,480.86; county taxes, $74,240.40; city taxes, $415,137.36; West Park taxes, $35,932.92; that the two per cent commission allowed by law for the collection of said taxes is as follows: On park taxes, $718.66; on town taxes, $323.03; on State taxes, $1149.61; on county taxes, $1484.80; on city taxes, $8302.74, amounting, in the aggregate, to $11,978.84; that out of this sum the collector retained $1500 for his own use, and paid the balance to the town treasurer, except the said sum of $8302.74, commission on said city taxes, which he declined to pay, and to recover which this suit was brought.

The simple question for determination is, whether, under the circumstances stated, the refusal of the collector to pay over to the town treasurer the two per cent commission on the city taxes, constitutes a breach of his official bond. The answer to this depends chiefly on the construction to be given to the concluding part of section 36, chapter 53, of the Revised Statutes, which requires collectors to pay into the town or *district treasury* all excess of commissions and fees over $1500. Any construction of this requirement of the statute which is not in harmony with the other provisions of our revenue system, ought not to be accepted as the true one.

An examination of the subject shows that the statute contains two partially distinct systems for the assessment and collection of taxes, one of which pertains to counties under township organization, and the other to counties not under township organization. Both of these systems are in the main provided for in one consolidated act of the legislature. Some of the sections constituting the act relate exclusively to counties under township organization; others apply to counties not under township organization, while there are yet others applicable to both classes of counties,—that is, contain provisions referring to or including both classes. Of the latter kind is section 36, chapter 53, of the Revised Statutes, just referred to, and upon the construction of which the case before us mainly depends. That section, after providing for the compensation of certain officers therein named, concludes as follows: "Each town or district collector shall be allowed a commission of two per cent on all moneys collected by him, to be paid out of the respective funds collected: *Provided,* that in any case where the compensation so allowed shall be insufficient, the town or county board may allow an additional compensation or *per diem* in lieu of other or greater commissions, in which case said additional compensation shall be paid out of the town or county treasury, as the case may require: *And provided further,* that all excess of commissions

and fees over $1500 shall be paid into the town or *district treasury.*" The part of the section cited, clearly refers, in more than one instance, to the respective systems which prevail in the two classes of counties mentioned,—that is, such as have and such as have not township organization. Take the expression, for instance, "the town or county board may allow additional compensation," etc. Now, it is evident the word "town," in this connection, can apply only to counties under township organization, while, on the other hand, the expression, "county board," clearly has exclusive reference to counties not under township organization. So the expressions, "town collector," and "town treasury," apply only to the former class of counties, while the terms, "district collector," and "district treasury," refer exclusively to the latter class,—that is, to counties not under township organization. That such is the proper construction of the above provision will abundantly appear when it is considered in connection with other sections of the Revenue act presently to be noticed.

Section 4, article 9, of the constitution, provides: "The General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments for State, county, municipal or other purposes, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes, and there shall be no sale of such property for any of said taxes or assessments but by said officer." It is clear, from this provision of the constitution, that in either class of counties there must be not only an officer to collect taxes from the tax-payers, but that there must also be "some general officer of the county authorized to receive taxes," and to whom a return may be made of the unpaid or delinquent taxes. The general Revenue act, passed shortly after the adoption of the constitution, contains a number of provisions which fully meet this constitutional requirement. Thus, section 144 provides for county collectors, and

specifically determines who shall fill the office and discharge the duties pertaining to it, in both classes of counties. The section is as follows : "The treasurers of counties under township organization, and the sheriffs of counties not under township organization, shall be *ex officio county collectors* of their respective counties." The 169th section provides "*that town and district* collectors shall return the tax books, and make final settlements for the amount of taxes placed in their hands for collection, on or before the 10th day of March next after receiving the tax books: *Provided,* that the county collector may first notify, in writing, the several town or district collectors upon what day, within twenty days after the 10th day of March, they shall appear at his office to make final settlement." It will be observed that in the introductory part of this section "town and district collectors" are mentioned conjunctively, and must therefore necessarily refer to two distinct classes of collectors, both of which are required to make returns to and settlements with *county collectors.* Now, so far as counties under township organization are concerned, it is quite clear, as we have already seen, there is no such an office as that of "district collector" provided for, and it is equally clear there is not the slightest necessity for one, as all taxes are required to be collected by the town collector, and returns thereof to be made to the county collector.

It is important, then, to ascertain just what is meant by district collector, for when that is done the proper construction of the expression, "district treasury," as it occurs in section 36, chapter 53, above cited, will naturally follow. As district collectors, like town collectors, must make returns to and settlements with county collectors, the question arises, what is meant by the term district collector, or collectors, as it runs through our entire Revenue act? This question is fully answered by the 140th section of that act. It is as follows: "Each county in this State not under township organization shall be a collection district, for the purposes of this

act, and the sheriffs of such counties shall be respectively *ex officio* district collectors of such collection districts."

It is manifest from this section, when considered in connection with section 144, above cited, that the sheriff, in counties not under township organization, by virtue of his office as sheriff, fills two additional and distinct offices, namely, district collector and county collector,—that is, the two offices unite in one person, the sheriff. Any other view of the subject would render our system of tax sales obnoxious to the provision of the constitution above cited. Thus, the sheriff, in counties not under township organization, as district collector collects the taxes directly from the tax-payers, and makes returns to the county collector,—that is, the sheriff, in his capacity of district collector, makes returns to and settlements with himself in his character of county collector. The sheriff, as county collector, has nothing to do with the collection of taxes from the tax-payers until after the tax books have been turned over to him by the sheriff, in his capacity of district collector, after which the statute authorizes him, as county collector, to collect and receipt for the taxes on the delinquent lists. The view here taken is clearly sustained by section 172, which is as follows: "And in counties not under township organization it shall be the duty of the district collector to make return of the taxes uncollected in his hands, to the *county collector*, under oath, * * * whereupon the county collector shall at once proceed to the collection of the taxes appearing upon said tax books as unpaid, in the manner now provided by law for the collection of delinquent taxes."

From the foregoing review, the conclusion seems irresistible that each county in the State not under township organization, is, for the purposes of collecting taxes, a "collection district," not only in fact, but in name also, as is expressly declared in the 140th section above cited,—that the sheriff of every such county is, by virtue of his office, district collector,

and is so expressly designated and declared to be by the same section. Since a district, for purposes of collecting taxes, means simply a county not under township organization, it follows, the term "district treasury," occurring in the same law, means the county treasury in a county of that class. But it does not mean the county treasury in the other class of counties, and for this very reason we have no doubt the term "district treasury" was chosen by the framers of the law. Had the expression "county treasury" been used in its stead, as that term is applicable to both classes of counties, it would have given at least color for the claim that the town collector, in counties under township organization, could pay this excess of commissions into the county treasury or town treasury, as he might elect. The framers of the law, therefore, no doubt, used the term "district treasury" for the express purpose of removing all claim for such a construction, and of excluding all question as to the duty of town collectors to pay such excess into the town treasury.

A careful examination of the various provisions of the Revenue law conclusively shows that the terms "district," "district collector" and "district treasury," as therein used, have exclusive reference to counties not under township organization, so that the conclusion is irresistible that it was the duty of the town collector to pay the money in controversy into the town treasury, and having failed to do so, it was a clear breach of his official bond.

Conceding this to be the proper construction of the statute, the objection is interposed that the city has no constitutional power to levy this two per cent of the taxes for the purpose of being retained by the town collector and by him paid over into the town treasury; that the levy and collection of it for such a purpose is not a corporate purpose, and hence it is concluded that the law authorizing it to be done is unconstitutional and void. However plausible this view may seem, we are satisfied that it is unsound, and can not be main-

tained.    If the legislature, in its wisdom, had imposed the duty of assessing and collecting the city taxes, upon the city itself, instead of upon town o'fficers, as it has, there would be some plausibility in the position; but as it is, there is none.

As to the supposed equities of the case discussed by counsel, we have nothing to do with that matter.    Besides, we perceive no force in it.    This excess is paid into the town treasury for the benefit of the very persons from whom it is collected, and no hardship is discovered in this.    The question with which we are concerned is, where does the law require this money to be paid?  · We have already seen it must be paid into the town treasury, and that is all there is in this case.

The judgment will be affirmed.

*Judgment affirmed.*

SCOTT, SHELDON and CRAIG, JJ., dissenting.