### Joseph M. Dougherty et al.

### v.

### The People of the State of Illinois, for use.

*Principal and Surety—Debt on Bond—Town Collector—Sec. 36, Chap. 53, R. S.—Expenses of Office.*

Dougherty v. The People.

1.  Compensation for official services rendered in behalf of the State or a public corporation, must rest alone upon statutory enactment. An officer can recover for services if payment therefor be provided for by the statute, otherwise not, and can have in any event only such amount as may be allowed by the statute.

2.  Where the law requires that any sum collected by town collector in excess of a sum named must be paid into the town treasury, he can not apply the same to the payment of the expenses of his office, and a failure to turn over such moneys amounts to a breach of his official bond.

3.  The additional compensation made possible by Sec. 36, Chap. 53. R. S., is not to be arrived at by the decision of a jury, but is to be obtained only by the action of the town or county board, as the case may be.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Vermilion County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. E. R. E. KIMBROUGH and W. J. CALHOUN, for appellants.

Messrs. BLACKBURN & REARICK, for appellees.

BOGGS, J.   This is an action in debt on the official bond of Joseph M. Dougherty as town collector of the town of Danville.

The declaration as and for a breach of the bond, alleges that the collector, by way of a commission of two per cent on the collection of taxes levied for the year 1889, received the sum of $2,025.30, all of which he retains and refuses to pay to the town, though required by law to pay into the treasury of the said town all of such commissions in excess of $1,500.

The third plea of the appellant admits that two per cent commission upon the taxes collected by him, levied for the year 1889, amounted to $2,025.30, but avers that in making collection of the taxes, notifying and calling upon tax payers, keeping his accounts as a collector, settling with different municipal officers, making return by law of taxes collected and of delinquent taxes not collectible, and in making diligent efforts to collect the taxes, the collector had necessarily

expended sundry amounts of money for, to wit, hire of clerks, assistant collectors, office rent, publication of tax notices and stationery, in all the sum of $951.99, which sum he deducted from, and paid out of, the said commissions of $2,025.30, leaving in his hands for his compensation as collector only the sum of $1,073.31, being the net commission of the office, etc.

To this plea a general demurrer was interposed and sustained by the court.

Judgment was rendered against appellants for the sum of $525 damages and costs, to reverse which this appeal is prosecuted. The sole ground of error alleged is, that the court erred in sustaining the demurrer to appellants' third plea.

Compensation for official services rendered in behalf of the State or a public corporation, must rest alone upon statutory enactment. An officer can recover for services if payment therefor be provided for by the statute, otherwise not, and can have in any event only such amount as may be allowed by the statute. Bruner v. Madison County, 111 Ill. 10.

The statute regulating the compensation of the official in the case at bar is that part of Sec. 36, Chap. 53 of the Revised Statutes, which relates to town collectors, and it is as follows:

"Each town collector shall be allowed a commission of two per cent upon all moneys collected by him, to be paid out of the respective funds collected, provided that in any case where the compensation so allowed shall be insufficient, the town board may allow an additional compensation or per diem in lieu of other or greater commissions, in which case such additional compensation shall be paid out of the town treasury, and provided further that all excess of commissions and fees over $1,500 shall be paid into the county treasury."

The third plea admits that the collector received as commissions $525.30 in excess of $1,500, and that he has not paid it into the town treasury as this statute required him to do, but that he applied it to the payment of sundry expenses attendant upon the performance of his official duties. This he could not lawfully do. The law under which he accepted and held the office required him to pay into the town treasury that excess, and a failure to do so must be held a breach of

his official bond; such excess shall in all cases be paid into the town treasury and not elsewhere.   Ryan v. The People, 117 Ill. 486.

The suggestion of counsel that the compensation allowed is not adequate, is answered by saying that he accepted the office *cum onere,* and that it is not in the power of the court to determine his compensation as upon a *quantum meruit* claim, but it must rest upon the statutory enactment concerning it.

It is said that the first proviso in that portion of the section of the statute quoted, contemplates the allowance of additional compensation to the collector if the commission provided for is found to be insufficient, and that the plea shows that such state of case is now before this court.   Without conceding that the proviso referred to  can in any event operate to allow a collector compensation above $1,500, it is clear that the additional compensation thus made possible is not to be arrived at by the decision of a jury, but is to be obtained only by the action of the town or county board as the case may be.   The plea contains no allegations that such action was taken.

The plea presented no defense to the action and the demurrer to it was properly sustained.   The judgment is therefore affirmed.

*Judgment affirmed.*