## Maurice McCarthy et al. v. City of Bloomington, ex rel. George McIntosh.

1. MUNICIPAL CORPORATION—*when may recover money paid under executed illegal contract.* A municipal corporation may recover money paid by it under a contract completely performed and of which it has received the full benefits, if such contract was prohibited by law.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 8, 1906.

D. D. DONAHUE and BARRY & MORRISSEY, for appellants.

WRIGHT & ALEXANDER; for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit by the city of Bloomington, on the relation of George McIntosh, a taxpayer of said city, appellee, against Maurice McCarthy and Frank Dolan, partners, appellants, to recover the sum of $533.73, alleged to have been unlawfully paid by the city of Bloomington to appellants, for labor and material. Upon the trial before the court, without a jury, there was a finding and judgment against appellants for the amount claimed.

The stipulation of facts discloses that at various times from May, 1903, to August, 1904, the firm of McCarthy & Dolan performed labor for and furnished materials to the city of Bloomington, aggregating the sum of $533.73, for which they rendered their bills to the city council of said city, which bills were allowed and ordered paid, and were paid to them out of the treasury of said city; that during all of the time said labor was performed and materials furnished, Maurice McCarthy, a member of the firm of McCarthy & Dolan, was an alderman of the city of Bloomington; that the city of Bloomington has enjoyed the full benefit of the labor and materials so performed and furnished by said firm, and that the compensation received therefor by said firm was the usual, ordinary and customary charges for like labor and materials.

Section 5, article 3, chapter 24 of the Revised Statutes provides: " * * * Nor shall any member of the city council, at the same time, hold any other office under the city government; nor shall he be, either directly or indirectly, individually or as a member of a firm, engaged in any business transaction (other than official) with such city, through its mayor, or any of its authorized boards, agents or attorneys, whereby any money is to be paid, directly or indirectly, out of the city treasury to such member or firms."

Section 7, article 6, chapter 24, provides: "No officer shall be directly or indirectly interested in any contract, work or

business of the city, or the sale of any article, the expense, price or consideration of which is paid from the treasury."

Section 4, article 10, chapter 24, provides: "A suit may be brought by any taxpayer, in the name and for the benefit of the city or village, against any person or corporation to recover any money or property belonging to the city or village, or for any money which may have been paid, expended or released, without authority of law; provided, that such taxpayer shall file a bond for all costs and be liable for all costs in case the city or village be cast in the suit, and judgment shall be rendered accordingly."

Sections 5 and 7, above quoted, in so far as they prohibit officers of municipal corporations from being beneficially interested in contracts for the performance of services and furnishing of supplies to such corporations, are merely declaratory of the common law, which, upon considerations of the highest public policy, affirms such contracts to be illegal.

It is necessarily conceded by appellants that the contracts in pursuance of which they performed labor and furnished materials to the city of Bloomington, were without warrant of law, and that the allowance and payment by the city of the contract price therefor was unauthorized, but it is earnestly insisted that as the contracts have been fully executed, and as the city has enjoyed the full benefits thereof, and is unable to return the consideration, it is grossly inequitable to permit appellee to recover back the money so paid.

There is a semblance of merit in appellants' contention, and it is supported by authorities of high standing (Call Pub. Co. v. Lincoln, 29 Neb. 149; City of Tacoma v. Lillis, (Wash.) 18 L. R. A. 372; Kagy v. Ind. Dist., 117 Iowa, 698), but it cannot prevail in the case at bar, because the legislature of this state, by express enactment, has authorized the bringing of a suit to recover back money paid or expended without authority of law. There is no ambiguity in the language employed in section 4, above quoted, and it

cannot be construed otherwise than as authorizing a recovery in this case.

The conclusive presumption that appellants knew the law, robs their contention regarding the inequity of the proceeding of much of its force. The language of the court in Trigger v. Drainage Dist., 193 Ill. 230, may be appropriately quoted: "If evils or hardships result from the statute, the remedy is in the legislature, and not with the courts."

It may well be that the legislature, anticipating that officers of a municipal corporation might violate the law and seek immunity upon the grounds that the contract was fully executed, and that it would be inequitable to require them to refund the money illegally received thereon, determined to grant to the taxpayers such redress as would meet the emergencies of the case.

The judgment is right and will be affirmed.

*Affirmed.*