**John A. Koons, Appellee, v. Vol E. Richardson et al. A. C. Stanfield, Appellant.**

1. MUNICIPAL CORPORATIONS—*when taxpayer's suit will lie.* A taxpayer may enjoin any payment by city officials of compensation under a contract with a city engineer to pay him a percentage of the cost of contemplated street improvements where the contract is illegal and void and any payment under its terms would constitute an unlawful diversion of public funds.

2. MUNICIPAL CORPORATIONS—*necessity of fixing compensation of city engineer before term of office begins.* A city engineer whose duties have been fixed by ordinance prior to his appointment but whose salary has not been set by ordinance and for which no appropriation has been made before the commencement of his term of office, and who thereafter renders service under a contract with the city fixing his compensation therefor at a percentage of the cost of contemplated public improvements, cannot recover for such services.

3. MUNICIPAL CORPORATIONS—*validity of contract fixing compensation of city engineer on percentage basis.* A contract which fixes the compensation of a city engineer at a percentage of the estimated cost of certain contemplated street improvements is invalid under Cahill's Ill. St. ch. 24, ¶ 89, requiring the council to fix his compensation by ordinance and that it shall not be changed during his term of office, and ¶ 285 that compensation shall be by salary as fixed in the annual appropriation bill.

4. MUNICIPAL CORPORATIONS—*right of city engineer to claim extra compensation under invalid contract.* A city engineer is not entitled to receive compensation under an invalid contract for a percentage of the total cost of contemplated street work, on the ground that such contract provided an allowance of extra compensation for additional services, where the services performed were substantially those of the city engineer generally and no appropriation had been made therefor, since no liability could be created against the city for services under such circumstances.

5. MUNICIPAL CORPORATIONS—*agreement by city engineer for percentage of cost of street improvements as "interest" in contract therefor.* A contract providing for compensation of a city engineer at a percentage of the cost of certain contemplated street improvement is invalid under Cahill's Ill. St. ch. 24, ¶ 80, providing that no officer shall be directly or indirectly interested in any contract, the price or consideration of which is paid from the city treasury, and it is immaterial that the contract was valid in that respect when made and that plaintiff was not appointed city engineer until after the adoption of the contract where the entire performance of the contract took place after the appointment.

6. MUNICIPAL CORPORATIONS—*when duty to do equity inapplicable.* A city engineer who was employed by and rendered services to a city under a void contract, providing for his compensation at a percentage of the cost of a public improvement, is not entitled to receive such compensation as to any amount actually earned by him, on the ground that the taxpayers must do equity, since such taxpayers were not parties to the contract.

7. MUNICIPAL CORPORATIONS—*liability for services rendered under void and illegal contract.* A city which has employed a city engineer under a void contract to pay him a percentage of the cost of certain public improvements is not obligated to pay him for services rendered under such void contract by the principle that since it might have secured his services by the making of a lawful contract it is bound in equity and good conscience to pay for the services rendered, where the contract is absolutely void and any payment made could be recovered back in a taxpayer's suit.

8. MUNICIPAL CORPORATIONS—*quantum meruit by officer for services rendered under illegal contract.* A city engineer is not entitled to compensation for services rendered to a city as upon a *quantum*

*meruit* where the express contract under which the services were rendered is void and illegal.

9. MUNICIPAL CORPORATIONS—*sufficiency of taxpayer's bill.* A perpetual injunction restraining the city from paying any compensation for services rendered by a city engineer under a void and illegal contract of employment is within the scope of a taxpayer's bill which alleges all the facts relative to the contract and its illegality and prays for general and special relief.

Appeal by defendant from the Circuit Court of Jefferson county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed January 26, 1923.

McDAVID, MONROE & HERSHEY, for appellant.

NOLEMAN, SMITH & DALLSTREAM, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

The corporate authorities of the City of Mt. Vernon had under consideration the making of certain public improvements and on May 16, 1921, appellant submitted a communication in which he offered to act as engineer and to do all such work as is usually done by an engineer with reference to such work for three per cent of the total estimated cost. For the preliminary engineering work such as is required before the letting of contracts the charge was to be one-half of said amount; for taking full charge of the inspection work in addition to the other work the total charge for all services to be five per cent of the total estimated cost; in case an improvement should be postponed or abandoned the charge for preliminary work to be reduced to one per cent of the total'estimated cost; that in making final settlement for his services the percentage to be based on the reduction in cost as shown by the contractor's final estimate.

The city council voted to accept the said offer on the day it was presented. The mayor then and there appointed appellant to the office of city engineer and

his appointment was confirmed by the council. Appellant accepted the office and filed his bond and oath of office as required by the city ordinances. The council adopted an ordinance in which appellant, the mayor and the superintendent of streets were designated as members of the board of local improvements.

Thereafter the said board originated and recommended to the city council the making of various improvements at a total estimated cost of $484,420.18. None of its recommendations was rejected by the city council. Ordinances were drawn for several of the improvements and petitions for confirmation were filed in the county court. The court sustained objections to some of them, amounting to $355,404.96, and dismissed the proceedings and the improvements to that extent were abandoned. Appellant then presented his bill for $3,554.04 for services in regard to the work that was abandoned and the same was allowed by the council. No appropriation had been made to pay the bill so no warrant was issued but, instead, he was given a certificate showing that the claim was allowed.

Appellee filed a bill for injunction in which he averred that he was a resident, citizen and taxpayer in said city and set out the foregoing facts, in substance, and charged that the said alleged contract between appellant and the said city was illegal and void, with prayer for injunction and general relief. Issues were joined and upon a hearing before the court a decree was entered in accordance with the prayer of the bill and awarding a perpetual injunction against the payment of any money to the said Stanfield under the terms of said alleged contract.

If the contract is illegal and void, any payment made to appellant under the terms thereof would be an unlawful diversion of the public funds and an injury to the taxpayer who may have an injunction against the corporate authorities to prevent them from misappro-

priating such funds. *City of Chicago v. Nichols,* 177 Ill. 97; *Lindblad v. Board of Education of Normal School Dist.,* 221 Ill. 261; *Litz v. Village of West Hammond,* 230 Ill. 310.

Section 11 of article IX of the constitution provides that: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term." A city engineer is a city officer. Cahill's Ill. St. ch. 24, ¶¶ 80, 123, 124. The statute requires the city council to fix his compensation by ordinance and when this is done it shall not be increased or diminished during his term of office. Cahill's Ill. St. ch. 24, ¶ 89. It also provides that the compensation of all officers shall be by salary, as fixed in the annual appropriation bill by the city council, and the compensation of no officer shall be altered during the same fiscal year and that no officer shall be allowed any fees, perquisites or emoluments, or any reward or compensation aside from his salary. Cahill's Ill. St. ch. 24, ¶ 285.

Where the statute requires that the salary of city officers shall be fixed by ordinance, it must be fixed in that manner and not otherwise, as we held in *Lee v. City of Venice,* 206 Ill. App. 376. Prior to the time appellant became city engineer, the city council, by ordinance, had prescribed his duties. By that ordinance he was required to perform the same duties, substantially, as those required by the contract in question. There was in force at that time another ordinance to the effect that the city engineer's fees and salary should be fixed at the beginning of each fiscal year by the new city council or as soon thereafter as the council may deem advisable. The council did not fix the salary or compensation by ordinance or otherwise than by the contract.

If a person accepts a public office for which no salary or compensation is fixed by law, any services ren-

dered by him are gratuitous and no recovery can be had therefor. *Bruner v. Madison County,* 111 Ill. 11; *Union Drain. Dist. Com'rs v. McCormick,* 191 Ill. App. 321; *Cook v. City of Marseilles,* 139 Ill. App. 536; *Dougherty v. People,* 42 Ill. App. 494. When compensation is claimed for the performance of official duties, the officer must be able to support his claim by pointing to some provision of law authorizing him to demand it. Unless compensation is allowed by law he may not lawfully demand payment as upon a *quantum meruit* for services rendered. The absence of any provision for compensation carries with it the implication that the services of the incumbent are to be rendered gratuitously. 22 R. C. L. 531-532.

And if he accepts an office where the salary is fixed by law he is required to perform the duties incident thereto for such salary and cannot legally claim additional compensation for the discharge of such duties or for any additional duties imposed upon him by statute or ordinance even though the salary is wholly inadequate for the services rendered. *May v. City of Chicago,* 222 Ill. 595; *Gathemann v. City of Chicago,* 263 Ill. 292.

It is very evident, from the provisions of the statute, that the city council is required to fix fees, salary or compensation of city officers at a definite sum. It will not do to fix it on a percentage basis or upon the basis of the usual and customary charges for such services. It must be fixed by ordinance and included in the annual appropriation ordinance. If not definitely fixed it could not be known how much should be raised by taxation for that purpose. Where the salary of a city attorney was fixed by ordinance at a certain sum with a proviso that for services in court he should be paid the usual and customary fees for such work in addition to his fixed salary, it was held that he was entitled to nothing more than his fixed salary. *McGovney v. Village of Melrose Park,* 145 Ill. App. 329.

It necessarily follows that the contract cannot be sustained on the theory that it simply fixed the compensation of the city engineer. Neither can it be sustained on the theory that it was an allowance of extra compensation for additional services. *Gage v. Village of Wilmette*, 230 Ill. 428-435. No appropriation was made to pay appellant for services under the contract. It was impossible, therefore, for city officials to create a liability against the city for work done under the contract. *Gathemann v. City of Chicago*, 263 Ill. 292; *May v. City of Chicago*, 222 Ill. 595.

When appellant qualified as city engineer he became a city officer. Cahill's Ill. St. ch. 24, ¶¶ 80, 123, 124, and at the same time the law said to him in clear and forcible language that: "No officer shall be directly or indirectly interested in any contract, work or business of the city, or the sale of any article, the expense, price or consideration of which is paid from the treasury." Cahill's Ill. St. ch. 24, ¶ 81. It also said to him: "A suit may be brought by any taxpayer, in the name and for the benefit to the city or village, against any person or corporation, to recover any money or property belonging to the city or village, or for any money which may have been paid, expended or released without authority of law." Cahill's Ill. St. ch. 24, ¶ 239.

Under those provisions and others of a similar nature, it has been held that an officer of a city or other municipal corporation is prohibited from making any contract with the corporate authorities for services or materials for the corporation to be paid for out of the treasury and that such a contract is null and void and any money paid thereunder may be recovered back. *Village of Dwight v. Palmer*, 74 Ill. 295; *School Directors v. Parks*, 85 Ill. 338; *Lee v. City of Venice*, 206 Ill. App. 376; *McCarthy v. City of Bloomington*, 127 Ill. App. 215; *People v. Board of Supervisors*, 122 Ill. App. 40; *City of Anna v. O'Callahan*, 3 Ill. App. 176.

Where a mayor was paid extra compensation for services as a member of the board of local improvements he was required to refund the amount received. *Lee v. City of Venice*, 206 Ill. App. 376. Where a county treasurer retained compensation for services as supervisor of assessments he was compelled to pay it back. *Allen v. United States Fidelity & Guaranty Co.*, 269 Ill. 234. A county treasurer is not permitted to retain interest received by him on public funds. *Lake County v. Westerfield*, 273 Ill. 124.

The foregoing decisions are in accord with the great weight of authority in this country as will be seen from 13 C. J. 435; *Smith v. Dandridge*, 98 Ark. 38, 34 L. R. A. (N. S.) 129, and the many cases cited in note; *Ferle v. City of Lansing*, 189 Mich. 501, L. R. A. 1917C 1096 and note. The rule extends to a partnership of which the officer is a member, *McCarthy v. City of Bloomington*, 127 Ill. App. 215, and to a corporation of which the officer is a stockholder or officer. *Ferle v. City of Lansing, supra*. A contract between a corporation in which a municipal officer is a stockholder and the municipality does not become valid when the officer subsequently sells the stock he owned at the time of the execution of the contract. *Hardy v. City of Gainesville*, 121 Ga. 327, 48 S. E. 921. The rule includes an officer holding as security stock in the corporation contracting with the city. *Foster v. City of Cape May*, 60 N. J. L. 78, 36 Atl. 1089.

The statutes under consideration are merely declaratory of the common law, which, upon considerations of the highest public policy, affirms such contracts to be illegal. *McCarthy v. City of Bloomington*, 127 Ill. App. 215; *Smith v. City of Albany*, 61 N. Y. 444. Such contracts are also in conflict with that rule of the moral law embodied in the expression that "No man can serve two masters." *Smith v. City of Albany*, 61 N. Y. 444. It will be seen, therefore, that a contract between a city officer and his municipality is not only

prohibited by the statute but also by the common law, public policy and good morals.

It is contended by counsel for appellant that the contract in question is valid because it was entered into before appellant was appointed city engineer; that as it was a valid contract when made it did not become invalid by reason of his subsequent appointment as city engineer. We cannot agree with that contention for the reason that the prohibition is against any contract in the performance of which an officer is interested directly or indirectly. In the case at bar appellant was appointed to office the next instant after his proposition was accepted by the council. The entire performance of the contract in so far as it has been performed, took place after he had become a city officer. At the time this suit was filed he had been allowed by the council $3,554.04 for services rendered while a city officer in connection with improvements which had been abandoned. He would, no doubt, claim several thousand dollars more for services rendered while in office.

In our opinion it is wholly immaterial whether the contract was made before or after appellant became a city officer. The undisputed fact is that he was directly interested, from the first, in a contract, the performance of which was entered upon and was being carried out by appellant, while a city officer, at the time suit was begun. If it were a contract in which he had no interest when it was entered into but he became interested afterwards in its performance, it would be illegal and void. *McManus v. Scheele*, 116 La. 72, 40 So. 535.

A municipal corporation entered into a contract for the paving of certain streets but the contractor was short of funds and unable to carry it out. He formed a partnership consisting of a city officer, three others and himself and the firm performed the contract in a satisfactory manner. When the work was completed

certificates were issued but the court held they were null and void because the city officer was interested in the contract. The court said: "The contract in the cited case was entered into in the interest of the officer from the first, but we have not found a difference between an interest acquired from the first or an interest subsequently acquired. It is all an interest. The prohibitory article of the charter is broad and includes, as prohibited, a direct or indirect interest, so that in this instance, if the interest is not direct, it is, at least, indirect." *McManus v. Scheele,* 116 La. 72, 40 So. 535.

Counsel argue that even if the contract was void or became invalid by the appointment of appellant to the office of city engineer, yet the taxpayers of the city must do equity and the trial court should have required the payment of what appellant had earned prior to the filing of the bill. Where the same contention was made in a case brought by a taxpayer, cases similar to those relied upon by appellant were urged in support thereof, but the court said: "It seems scarcely necessary to say that such cases are entirely without application here, where the suit is brought by taxpayers who were not parties to the contract." *Litz v. Village of West Hammond,* 230 Ill. 310.

They also argue that as the city could have procured the services of appellant in a lawful manner it should be required, in equity and good conscience, to pay for the services rendered, even though not obtained in a lawful way. In our opinion that principle of law has no application to such a case as this. The contract in question was absolutely prohibited by the statute, the common law, public policy and good morals. It was not only prohibited but the statute provides that if any payment was made to appellant thereunder it might be recovered back by a suit in the name of the city. The fallacy of the argument lies in the fact that the city could not contract with a city officer who was

prohibited from being interested directly or indirectly in any contract with the city, payment of which was to be made out of the treasury.

The very fact that an officer may be required to refund any money received by him under such a contract clearly negatives the idea that he would be entitled to recover on a *quantum meruit.* The prohibition is not confined to express contracts but includes all contracts of every nature and kind in which the officer is interested. It would be strange if the law which condemns an express contract as illegal and void would raise an implied contract from the same state of facts. The law will not imply an agreement, which would be illegal, if it were express. *Andrewes v. Haas,* 214 N. Y. 255, 108 N. E. 423; *Ford v. McVay,* 55 Ill. 119.

Such a contract as the one in question confers no rights, imposes no duty and affords no protection and in legal contemplation the parties are in the same position as if no contract had been made. The benefits that accrue from a strict enforcement of this wholesome, well-settled rule of law will far outweigh any consideration of the fact that, in some particular case, it may work a hardship. Any seeming hardship to appellant was not caused by the law, but by his failure to observe its express mandate as well as that other rule that persons dealing with a municipal corporation are charged with knowledge of the limitation of its liability upon contracts attempted to be entered into by any of its officers. *May v. City of Chicago,* 222 Ill. 595.

We cannot agree with counsel for appellant in their contention that the decree is broader than the averments of the bill and the prayer for relief. The bill shows a state of facts from which it appears that the contract is prohibited by law and that appellant is not entitled to any compensation for services rendered thereunder or as upon a *quantum meruit* and prays for both special and general relief.

If the prayer for special relief is not broad enough to entitle appellee to all the relief given him, the facts averred and proven are such as to entitle him to such relief under the general prayer of the bill. In our opinion the decree is right and must be affirmed.

*Affirmed.*