## The People of the State of Illinois ex rel. James Doherty, Plaintiff in Error, v. Preston R. Elliott, Defendant in Error.

1. MANDAMUS—*right to writ compelling payment for services of supervisor as judge of election on award by county board in amount greater than that allowed by statute.* In view of Cahill's St. ch. 46, ¶ 64, which expressly fixes the compensation of clerks and judges of elections, a resolution of the board of supervisors awarding a judge of elections compensation other and greater than that provided in such statute would be void and hence would afford no basis for a writ of mandamus to compel payment pursuant thereto by the county clerk.

2. ELECTIONS—*right of supervisor serving as judge of election to compensation from county for posting notices of election.* In view of Cahill's St. ch. 46, ¶¶ 47, 48, and Cahill's St. ch. 53, ¶ 50, a supervisor who also served as judge of an election is not entitled to compensation from the county for an posting notices of election, such service being performed as supervisor and being compensable, if at all, out of town funds.

3. MANDAMUS—*order of county board as basis for writ compelling payment for services of election judge for items not chargeable to county or without statutory authorization.* Mandamus was properly denied on an application to compel a county clerk to certify for payment the amount of compensation approved by the county board of supervisors for services of a supervisor who also acted as judge of election in posting election notices, specimen ballots and cards of instruction, and for delivering election returns to the county clerk, where the compensation for posting notices of election was payable out of town funds, and there was no provision by statute for compensation for the other services.

4. ELECTIONS—*right of election judges to compensation for posting notices of election, etc., and for delivering election returns.* In view of Cahill's St. ch. 46, ¶ 222, making it the duty of judges of elections to post cards of instruction and specimen ballots, and of paragraphs 63 and 230 thereof making it their duty to deliver election returns to the county clerk, of the fact that none of such paragraphs expressly provides for any compensation for such services, and of the fact that paragraph 64 of that chapter makes the only statutory provision for compensation of such judges, it is the intent of the statute that these services shall be performed without additional compensation.

5. OFFICERS AND PUBLIC EMPLOYEES—*duty of officer to perform gratuitously services devolving upon incumbent for which no provision for compensation made by law.* One who accepts a public office devolving upon the incumbent duties or services for which no compensation is fixed by law is compelled to perform such services gratuitously and cannot recover therefor.

Error by plaintiff to the Circuit Court of Gallatin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed April 27, 1926.

JESSE E. BARTLEY, for plaintiff in error.

CREIGHTON & THOMAS, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a petition for mandamus on the relation of James Doherty, plaintiff in error, filed to the October term, 1924, of the circuit court of Gallatin county against Preston R. Elliott, defendant in error. The petition alleges in substance that from the 5th day of April, 1921, to the filing of the petition, plaintiff in error was supervisor of the Town of Ridgeway in the county of Gallatin, and that since the first Monday in December, 1922, defendant in error had been county clerk of that county and *ex officio* clerk of the board of supervisors thereof; that during this time the county of Gallatin had been under township organization; that during this period certain elections had been

held at which plaintiff in error was one of the judges of the election; that in addition to serving as judge on the day of each of these elections, he also, in connection with such elections, spent one day in posting notices of election, one day in posting sample ballots and cards of instruction, and one day in delivering the ballots and other election supplies and returns to the county clerk, and in so delivering such returns traveled a distance of 24 miles; that at the time of said elections the compensation of the judges and clerks thereof was by statute fixed at $6 per day, but that the services for the day of election and for each primary was limited to one day only, except at elections at which a president was elected, when the judges should be credited with two days' services; that after each of such elections, plaintiff in error made a certified and itemized statement of the amount due him, showing that in addition to his compensation for services on the day of election he was entitled for his other services hereinbefore mentioned, the sum of $16.20 at each election, or a total of $81; that thereupon it became the duty of the county clerk to present to the board of supervisors his certificate showing the compensation due to plaintiff in error as such judge; that defendant in error refused to make such certificate, but on the contrary certified to the board of supervisors only the compensation to which plaintiff in error was entitled for his services on the day of election and for registration; that the board of supervisors approved and allowed the compensation for plaintiff in error's services on election day as certified by defendant in error and also approved and allowed the remaining $81.20 claimed by plaintiff in error, but that defendant in error neglected and refused and still does neglect and refuse to issue and deliver to plaintiff in error an order upon the county treasurer for such additional services.

The petition further alleges that the board of su-

pervisors of Gallatin county had fixed the compensation of the supervisors for posting notices of election, specimen ballots and cards of instruction and for delivering the returns of election to the county clerk at $5 per day and five cents per mile for each mile of travel from the place of holding the election to the office of the clerk and return.

The petition prayed that a writ of mandamus be issued, directed to defendant in error, commanding him to execute an order on the county treasurer for the sum of money credited and allowed by the board of supervisors to plaintiff in error for his services in posting notices of election, specimen ballots and cards of instruction and for delivering the returns to the county clerk, and present the same to the county treasurer to be countersigned and thereupon deliver the same to the relator, or in the event the same could not be done, that defendant in error be required forthwith and without delay to make out his certificate stating the compensation due plaintiff in error for posting ballots and cards of instruction and delivering election returns to the county clerk.

To this petition a general and special demurrer was filed. The grounds of special demurrer are that the allegations of the petition are vague, uncertain, irregular and informal; that the posting of notices of the several elections were not services rendered in behalf of the county, but were services which devolved upon plaintiff in error as supervisor of his town, and he was not entitled to any compensation therefor from county funds; that the posting of sample ballots and cards of instruction was a part of plaintiff in error's duty as judge of the election for which no compensation was fixed by law, and that he was not entitled to any compensation therefor; that the board of supervisors had no power to fix the compensation of the judges and clerks of the election and no power to direct defendant in error to issue orders on the county

treasurer for any compensation other than that fixed by statute; that the compensation of plaintiff in error as judge of the election is fixed by statute and the board of supervisors had no power to add thereto, and the resolution to that effect was void; that the compensation of plaintiff in error as supervisor of his town is fixed by law, and the county board had no power to increase the same.

The court sustained this demurrer and plaintiff in error elected to stand by his petition and thereupon the court rendered judgment against plaintiff in error dismissing his petition and this writ of error resulted.

Paragraph 64, ch. 46, of Cahill's Revised Statutes 1925, expressly fixes the compensation of judges and clerks of elections at $6 "per day for their services" and then provides "for the day of election and for each primary, judges and clerks of election shall be credited with only one day's service each; but for the day of election on which the President of the United States is elected, judges and clerks of election shall be credited with two days' service each." The board of supervisors is powerless to allow different fees or commissions from those fixed by statute (*Board Sup'rs Cumberland Co. v. Edwards*, 76 Ill. 544). Assuming that plaintiff in error is entitled to compensation as judge of the election for the services which he claims to have rendered, yet he would be entitled only to such compensation as is fixed by statute and the resolution of the county board fixing such compensation at a different rate than that of the statute would be void and plaintiff in error would not be entitled to this writ directing payment thereof.

Paragraphs 47 and 48, ch. 46, Cahill's Revised Statutes 1925, make it the duty of sheriffs in counties not under township organization and of supervisors in counties under township organization to post notices of election and fix no compensation therefor. In our

356    APPELLATE COURTS OF ILLINOIS.

The People ex rel. Doherty v. Elliott, 240 Ill. App. 351.

opinion, if plaintiff in error is entitled to compensation for posting notices of election, it must be as supervisor and not as judge of the election and such compensation is fixed by paragraph 50, ch. 53, Cahill's Revised Statutes 1925, and is payable out of the town funds and not by the county.

Therefore, even though plaintiff in error was entitled to compensation for posting election notices, specimen ballots and cards of instruction and for delivery of returns to county clerk, he was entitled to such compensation for the first item from his town and to such compensation for the other items as is fixed by statute and defendant in error could not be compelled to issue him an order for same on the county treasurer for the amount fixed by the board of supervisors, even though the board had directed him to do so, and the demurrer was properly sustained to that portion of the petition.

The prayer of the petition was in the alternative, the second alternative being that defendant in error be directed to certify to the board of supervisors the compensation which plaintiff in error is entitled to as judge of elections. Since defendant in error had certified to the board the compensation to which plaintiff in error was entitled for his services on the different days of the election and plaintiff in error has been paid the same, this prayer of the petition raises the question as to whether plaintiff in error is entitled to compensation as judge of the election for his services in posting specimen ballots and cards of instruction and making delivery of the returns to the county clerk.

Paragraph 222, ch. 46, Cahill's Revised Statutes 1925, makes it the duty of judges of the election to post cards of instruction and specimen ballots. Paragraphs 63 and 230, ch. 46, make it the duty of judges of the election to deliver the returns to the county clerk. Neither of these sections, however, expressly

provides for any compensation for such services. The only provision of the statute providing for compensation for judges of election is paragraph 64, ch. 46, of said statute above quoted from. In our opinion this section expressly limits the compensation of judges of election to services on election day to one day in all elections except those at which a president of the United States is elected or a candidate for that office nominated. No compensation is fixed or allowed by statute for any other services and plaintiff in error having accepted a public office devolving upon him certain services or duties for which no salary or compensation is fixed by law is compelled to perform such services gratuitously and cannot recover therefor. (*Koons v. Richardson,* 227 Ill. App. 477.)

Under this interpretation of the law the demurrer was also properly sustained as to the alternative prayer of the petition and the judgment should, therefore, be affirmed.

*Judgment affirmed.*