Arthur W. McGovney, Appellee, v. Village of Melrose Park, Appellant.

Gen. No. 14,105.

FEES AND SALARIES—*what not within power of village.* A village appointing an attorney must definitely fix his salary; such village has no power to authorize the rendition of services upon the basis of the usual and customary charges.

Assumpsit. Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed December 21, 1908.

THATCHER, GRIFFEN & WRIGHT, for appellant.

JOHN H. BATTEN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in a suit by appellee against appellant, to recover compensation for services performed by him as attorney for appellant. The declaration consists of the common

counts, to which appellee pleaded the general issue. The appellant, at the close of the evidence, moved the court to instruct the jury to find for the defendant, and presented an instruction to that effect, but the court denied the motion. The jury found for appellee and assessed his damages at $600, and the court overruled appellant's motion for a new trial and rendered judgment on the verdict.

Appellee was appointed village attorney, at a meeting of the trustees of the village, held May 9, 1904. At a meeting of the trustees held April 27, 1905, appellee's resignation, to take effect May 1, 1905, was presented and accepted.

The board of trustees, June 11, 1900, passed and the president of the board approved an ordinance creating the office of village attorney, providing for the appointment of such officer annually and prescribing his duties. Section 8 of the ordinance is as follows:

"Section 8. The compensation of such village attorney shall be and is hereby fixed at the sum of four hundred fifty dollars per annum, Provided, that in all special tax or assessment cases, carried into courts of record and in all cases in the state courts of record and the courts of the United States in which the village may be a party plaintiff or defendant, such village attorney shall be allowed the usual and customary fees of attorneys practicing in such courts over and above and besides such sum herein fixed and determined as and for his salary".

Appellee's claim is for services performed by him for the village by special agreement, while he was village attorney, all of which services pertain to the official duties of such attorney. He testified that, at a regular meeting of the village board of trustees, held in the latter part of June, 1904, it was moved and carried that he should take charge of special assessments numbers 58, 64, 65 and 66, and do the legal work, and that he be paid what the same is reason-

ably worth, and that he performed the necessary work, in accordance with the motion.

It appears from appellant's testimony that all the assessments above mentioned had been confirmed at the time of said motion, and the main work for which he claims compensation was drafting contracts for the making of the improvements for which the assessments were levied and drafting the contractor's bonds. The drafting these contracts and bonds, and doing other work in relation to the assessments, after they had been confirmed, are not within the meaning of the provision in section 8, quoted *supra;* but this, in our view, is not necessary to the decision of the cause. The village of Melrose Park is incorporated under the general law for the incorporation of cities and villages. Section 11 of article 11 of that act is as follows:

"Sec. 11. The president and board of trustees may appoint a clerk *pro tempore,* and whenever necessary to fill vacancies; and also may appoint a treasurer, one or more street commissioners, a village marshal, and such other officers as may be necessary to carry into effect the powers conferred upon villages, to prescribe their duties and fees, and require such officers to execute bonds as may be prescribed by ordinance". Hurd's Rev. Stat. 1905, p. 315.

The section is the same as originally passed, with the exception that the words "village marshal" are substituted for "village constable".

Section 15 of article 6 of the act is as follows:

"Sec. 15. All other officers may receive a salary, fees or other compensation to be fixed by ordinance, and after the same has been once fixed, such fees or compensation shall not be increased or diminished, to take effect during the term for which any such officer was elected or appointed; and every such officer shall make and return to the mayor, or president of the board of trustees, a semi-annual report, verified by affidavit, of all such fees and emoluments received by him". Hurd's Rev. Stat. 1905, p. 307.

By this section the board of trustees is limited to fixing the salary of the village attorney by ordinance. "Fixing", as used in the section, can only mean making definite and certain. This is apparent from the words following, "such fees or compensation shall not be increased or diminished, to take effect during the term for which any such officer was elected or appointed". Manifestly, unless the compensation be a sum certain, it cannot be told whether it has been increased or diminished.

By section 8 of the village ordinance, appellee's compensation or salary was fixed at $450 per annum. By section 15 of article 6 of appellant's charter, quoted *supra*, that salary could not be increased so as to take effect during appellee's official term; but, by the provision of section 8 of the ordinance, it is provided that the compensation may be increased an indefinite amount. In other words, section 8 of the ordinance provides for the doing of that which appellant's charter expressly prohibits. The provision is illegal and void. The charter provision prohibiting increase of an officer's compensation, to take effect during his official term, is so important that it is incorporated in the constitution in respect to the compensation of state and county officers. The salary of the village attorney, fixed at the sum of $450 per annum by the ordinance, includes compensation for the performance of all said attorney's official duties, and appellee rendered no services for the village not within the sphere of his duties as village attorney. No claim is made by appellee that his salary has not been paid in full.

The court erred in denying appellant's motion to instruct for the defendant. There are other reversible errors in the record, which, in view of our conclusion that there can be no recovery, it is not necessary to refer to.

The judgment will be reversed.

*Reversed.*