DAVID M. POTTER, PLAINTIFF, v. THE TOWNSHIP OF UNION IN THE COUNTY OF UNION, DEFENDANT.

Argued June 2, 1917—Decided August 9, 1917.

Section 32 of "An act concerning townships" (*Comp. Stat., p.* 5585), empowers a township committee to fix the annual salary or compensation to be paid to each person elected to a township office (of which township collector is one) ; and section 64 of the Tax act of 1903 (*Pamph. L., p.* 435) provides that the governing body of a taxing district shall fix the annual salary of its assessor, collector, &c., at rates not in excess of that prescribed by law, and that such salary so fixed shall not be increased or diminished within the term of such offices. Plaintiff was elected collector of the township of U. in November, 1912, and was re-elected to the same office for a term of three years in November, 1915, the term to commence January 1st, 1916. On December 30th, 1912, the then township committee fixed his salary at the sum of $750 annually, but on January 1st, 1916, the incoming township committee fixed plaintiff's salary at $600 per annum. *Held,* that the proper construction to be given to the statute is that after the new governmental body of a township has once fixed the salary of an incoming collector, it may be neither increased nor diminished during the term, but that the term of office of the plaintiff having ended January 1st, 1916, the new township committee had the right to fix his salary for the new term, and the fact that the plaintiff had been re-elected to the office which he had previously held, did not prevent his salary being fixed by the new governmental body, his term having ended.

On motion to strike out the answer filed in the above-stated cause and for leave to enter summary judgment.

Before Justice KALISCH.

For the motion, *Clark M. Whittemore* and *Samuel Koestler*.

*Contra, John K. English.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff, at the general election held in the township of Union, on the 2d day of November, 1915, was duly elected collector of taxes of said township, for a period of three years, the term to commence at twelve o'clock noon on the 1st day of January next succeeding.   At the time of the plaintiff's election he was serving out his term of collector of taxes, by virtue of a previous election to that office in November, 1912.   The plaintiff qualified for his new term on the 1st day of January, 1916, at three-thirty P. M.

It appears that on the 30th day of December, 1912, the then township committee, by resolution, fixed the salary of the township collector at the sum of $750, to be annually paid on the 31st day of December of each year, and that the plaintiff, as such collector, has been drawing the said fixed annual salary ever since the adoption of the resolution; that the plaintiff performed the duties required of him by his office for the year 1916, and presented a duly-sworn bill therefor to the township committee, which committee refused payment.   Thereupon, the plaintiff brought his action against the defendant to recover the sum of $750, the amount of salary claimed to be due him.   As a defence to this claim, the defendant sets up "that on the 1st day of January, 1916, at the hour of two-thirty P. M., and prior to the hour on said day upon which the plaintiff qualified by taking oath of office, the incoming township committee of the township of Union adopted a resolution of which the following is a copy:

"Resolved, that the salary of the collector of taxes be and hereby is fixed at the sum of $600 per annum, payable December 31st in lieu of all fees."

Counsel for plaintiff challenges the efficacy of this resolution.   They argue that the incoming township committee was without power to pass a resolution after twelve o'clock noon

on the 1st day of January, 1916, which, in effect, either increased or diminished the plaintiff's salary. This assertion they base on section 32 of the Township act (*Comp. Stat., p.* 5585), which empowers the township committee to fix the annual salary or compensation to be paid each person elected or appointed to any township office, and provides that no salary or compensation shall be fixed or altered so as to affect anyone who at the time of the adoption of the ordinance shall have been elected or appointed to office. Counsel for plaintiff then proceed to point out that section 4 of the Township act (*Comp. Stat., p.* 5571) expressly names the collector of taxes as an elective officer, and that by section 17 of the same act, page 5578, the collector's term of office is for three years and he is required to give a bond before he enters upon his duties.

That by virtue of section 4 of the act of 1899 (*Pamph. L., p.* 372) the term of office of the plaintiff commenced to run at twelve o'clock noon on the 1st day of January, 1916.

Further, that by section 64 of the Tax act of 1903 (*Pamph. L., p.* 435) it is provided that the governing body of the taxing district which, in this instance, is the township committee, shall, by ordinance or resolution, fix the annual salary of its assessors, collector, &c., at rates not in excess of the salary, if any, prescribed by law, and that such salary so fixed shall not be increased or diminished during the term of such offices.

In conclusion, it is further argued that since the governing body of the township of the year 1912 passed the ordinance of December 30th of that year, fixing the annual salary of the collector of taxes at $750, the sum fixed, became and was a salary prescribed by law and was existent at the time the term of the plaintiff commenced to run and therefore was not subject to be diminished.

I am unable to give to the statute the construction contended for by counsel for plaintiff. I think its plain reading clearly indicates that the governing body shall fix the salary to be paid the officer during his term of office, and when such salary is fixed, it is fixed for the term of office to which the person is elected, and during such term such salary may not

be increased or diminished. The fact that the same person is re-elected to the office is immaterial.

His term having expired, his re-election, in the eye of the law, constitutes him a new officer. As to such new collector no salary had been fixed. None could be fixed by the township committee until it had first organized, according to law. This it could not do until the noon hour of January 1st, 1916. Its official life began when it was organized. Until then it was powerless to pass any resolution or do any official act. It is required to elect its chairman and clerk, which action requires more or less time. The question of fixing the collector's salary may be a matter of debate and reflection. It would be highly unreasonable to hold that it was incumbent on the governing body to act officially upon the stroke of twelve. A deadlock might occur in organizing. The public interest might be made to suffer through hasty and inconsiderate action.

If the contention of counsel for plaintiff should prevail, then it is manifest that the conferring of the power on the township committee to fix the salary of the collector is a vain mandate.

Moreover, it does not seem reasonable to believe that the legislature ever intended that the governing municipal body, in the expiring moments of its dissolution, should have the authority to fix the salaries of officers whose terms are to begin under a new governmental body. Such a condition would preclude the bringing about of economy in its administration of municipal affairs.

I think the present case falls within the principle and control of the following cases: *Haight* v. *Love,* 39 *N. J. L.* 476; *Bownes* v. *Meehan,* 45 *Id.* 189; *Fitch* v. *Smith,* 57 *Id.* 526, 530; *Dickinson* v. *Jersey City,* 68 *Id.* 99; *Erie Railway Co. et al.* v. *Paterson,* 74 *Id.* 738.

I think the proper construction to be given to the statute is that after the new governmental body of a township has once fixed the salary of an incoming collector, the salary so fixed may not be either increased or diminished during the term of such collector.

In view of the facts of the present case, the defendant was in the exercise of a lawful authority when it fixed by resolution the salary of the plaintiff at $600 per annum.

The motion, therefore, to strike out the answer will be denied, with $10 costs.