(No. 11694.—Reversed and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* ARNOLD BROS., Appellant.

*Opinion filed December 19, 1917—Rehearing denied Feb. 16, 1918.*

1. TAXES—*what is not a specification of amount appropriated in appropriation ordinance.* The statutory provision that the tax levy ordinance must be preceded by an appropriation bill specifying the amounts to be appropriated is not satisfied by an appropriation for the police pension fund, specified in said appropriation bill as "the amount provided to be levied and collected under the provisions of an act of the General Assembly," reciting the title of the Police Pension Fund act but not stating any amount; and the same is true of a similar provision for firemen's pension fund.

2. SAME—*provision of the appropriation bill making a deduction from total amount appropriated renders specific appropriations invalid.* The statute requires the appropriation bill to specify not only the objects for which the appropriations are made but also the amount appropriated for each purpose, and where said bill makes a deduction from the total amount appropriated for a certain department of the city government, to be enforced, at the discretion of the head of such department, against any specific appropriations except fixed obligations and salaries, such deduction, leaving the remainder as the "aggregate expenditure authorized," renders the specific amounts appropriated uncertain and invalid.

3. SAME—*when miscellaneous expenses may be provided for in general terms.* Miscellaneous and contingent expenses of the various departments, divisions and bureaus of a city may be provided for in an appropriation bill by a general appropriation "for personal services" and "impersonal services and benefits," to be administered "in accordance with the official manual of the department of finance," in which is specified the details for determining and administering the expenses so provided for.

4. SAME—*appropriation ordinance need not specify what items shall be paid by levy.* The statute does not require the appropriation ordinance to designate what items shall be paid by means of a levy of taxes.

5. SAME—*what satisfies constitutional guaranty as to notice and hearing.* The fact that the act of May 3, 1917, to cure defects in certain sanitary district taxes, deprives the tax-payer of the notice he would have from the publication of the appropriation and tax levy ordinances, which is dispensed with by the act, does not render the act invalid, as the tax-payer, upon application for judgment and order of sale, has notice of the tax and an opportunity to be heard.

6. SAME—*tax-payer has no constitutional right to hearing before taxing body.* A tax-payer has no constitutional right to be heard by the body or officer levying the tax, either before or at the time of the levy, nor has he the right to question the amount of the tax where the tax is levied by the officer or body authorized by law and is within the power conferred and there is no fraud.

7. The other questions involved are controlled by the decision in *People* v. *Sandberg Co.* (*ante,* p. 245.)

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

ELLIS & LEWIS, for appellant.

MACLAY HOYNE, State's Attorney, (SAMUEL A. ETTELSON, Corporation Counsel, IRWIN N. WALKER, ORVILLE R. SEITER, EDMUND D. ADCOCK, ROSS C. HALL, WALTER E. BEEBE, LEON HORNSTEIN, and ROBERT E. GENTZEL, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment for the taxes of 1916 against the appellant's real estate in Cook county.

The questions concerning the county tax, the sanitary district tax and the loss and cost of collection have been decided in *People* v. *Sandberg Co.* (*ante,* p. 245,) except the contention made in this case that the curative act eliminates from the Sanitary District act any requirement of the publication of the sanitary district appropriation and tax levy ordinance, and if given effect renders the provisions of the

latter act authorizing the levy of the tax unconstitutional, because there is then no provision for notice to the tax-payer of the levy of the tax. The due process of law required by the constitution secures to everyone the right to notice of any proceeding by which he may be deprived of his property, so that he may have an opportunity to defend against the proceeding. It does not, however, require that he shall have notice of every step in the proceedings for the assessment, levy and collection of taxes. At some stage, before a tax becomes irrevocably fixed as a charge on his property, the tax-payer must have an opportunity, of which he shall have notice, to be heard as to the validity and extent of the tax. This opportunity is given him on the application of the collector for judgment for taxes charged against his property. The statute provides for notice to him of this application and secures to him the right to defend against it. This provision is a compliance with the requirement of due process of law. (*Winona and St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526; *Weyerhaueser* v. *Minnesota,* 176 id. 550; *Security Trust Co.* v. *Lexington,* 203 id. 323.) The tax-payer has no constitutional right to be heard by the body or officer which levies the tax, either before or at the time of the levy, nor has he the right to question the amount of the tax where the tax is levied by the officer or body authorized by law, is within the power conferred and there is no fraud.

Objection was made to the taxes for the police pension fund and the firemen's pension fund on the ground that no appropriation had been made for these funds. The Firemen's Pension Fund act authorizes the city council to levy a tax not to exceed three-tenths of a mill on the dollar, and the Police Pension Fund act to levy a tax of not more than seven-tenths of a mill on the dollar. The annual appropriation bill contained the following:

"*Police pension fund*—The amount provided to be levied and collected under the provisions of an act of the

General Assembly," reciting the title of the Police Pension Fund act.

"*Firemen's pension fund*—The amount provided to be levied, collected and paid under the provisions of an act of the General Assembly approved June 29, 1915, regarding firemen's pension funds in cities whose population exceeds five thousand inhabitants."

No amount or rate was stated, but in the tax levy ordinance, under the heading, "Amounts to be levied for sinking funds, judgments, interest on bonded indebtedness and judgments and pension funds," appear these two items: "Police pension fund, $700,000; firemen's pension fund, $300,000."

Section 2 of article 7 of the Cities and Villages act requires the passage of an annual appropriation bill, appropriating such sums of money as may be deemed necessary to defray all the necessary expenses and liabilities of the corporation. Section 1 of article 8 provides for a levy ordinance, in which shall be ascertained the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of the fiscal year, specifying in detail the purposes for which such appropriations are made, the amount appropriated for each purpose, and levying the amount so ascertained upon the taxable property within the city. The levy ordinance must be preceded by the appropriation bill, and no levy can be made for any purpose without a previous appropriation. (*People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410.) There was no specification of the amount to be appropriated. The specification of the amount provided to be levied by the respective pension fund acts amounted to nothing, for those acts did not provide any amount to be levied. They merely granted authority to levy a tax not exceeding a certain rate. Before there could be any appropriation it was necessary that the council should determine the amount, and the levy could be made only for the amount so determined. The

objection to the taxes for these purposes should have been sustained.

The appropriation bill appropriates amounts for each department, bureau and division of the city government, specifying in detail certain amounts for each of a great number of items, including salaries and wages, supplies, material, apparatus, machinery, printing, stationery, vehicles, fuel, and very numerous other items required in the different departments. There is a separate footing of the amounts for each department, bureau or other division of the city service. Beneath this footing in many cases appears the following: "Less amount to be deducted during the year 1916, at the discretion of the head of said department, in accordance with the provisions of section 4 of this ordinance," followed by an amount which is deducted from the previous footing, and opposite the remainder appears the following: "Total aggregate expenditure authorized."

Section 4 of the appropriation bill is as follows: "That wherever the total amount set up herein for any department, bureau or principal division is followed by the words, 'Less amount to be deducted during the year 1916, at the discretion of the head of said department, in accordance with the provisions of section 4 of this ordinance,' such deduction may be made from any item or items so set up, save and except there shall be no reduction in amounts set up for fixed and irreducible obligations or in the rate of salaries and wages of employees of the city. The deductions herein required shall be enforced by the comptroller, and the method and manner thereof shall be subject to his discretion and control."

The appellant contends that the deduction permitted by this section to be made, at the discretion of the head of the department, from the aggregate of the items appropriated, renders each item uncertain, and that there is, therefore, no appropriation of any amount in the cases where this deduction is allowed. The appellant, as an example of

the cases to which this objection applies, refers in its brief to the department of fire, in which there are a number of groups, each consisting of several items, the total amounting to $3,577,659.66. The amount to be deducted from this total, in accordance with the provisions of section 4, is $160,000, leaving the total aggregate expenditure authorized, $3,417,659.66. Among the items the salaries and wages amount to nearly $2,500,000, apparatus and machinery $125,000, forage, shoeing, boarding and care of horses $100,000, fuel and power $90,000, all together, with other items, amounting to $3,577,659.66. This aggregate is reduced $160,000, but no rule is given for the distribution of the reduction among the various items of the appropriation. The deduction is to be at the discretion of the head of the department, and there is, therefore, no fixed amount appropriated for any one of the purposes specified. The appropriation is for $3,417,659.66, and the amount is to be distributed to the purposes named, amounting to $3,577,-659.66, but it is impossible to tell how much is to be used for any one of the purposes. The law does not authorize such an appropriation. The statute requires that the ordinance shall specify not only the objects and purposes for which the appropriations are made, but the amount appropriated for each object or purpose. It is not sufficient to specify a gross amount appropriated for several purposes. The answer of counsel for the appellee is, that the deductions made in various parts of the ordinance are no more than directions to the heads of departments to save the amount of money indicated; that there could be no doubt as to what the appropriations are for, and it is the individual items, and not the total, for which appropriations have been made. They say it is doubtful whether a deduction made from the total has any effect, in contemplation of law, on the appropriation itself, and in their opinion it is merely directory. If the language making the deductions were merely intended to be directory to the heads of de-

partments in regard to the expenditure of the funds, requiring them to reduce the expenditure below the amount appropriated, while it would not be appropriate in such an ordinance, the argument of the appellee would be appropriate to this case. But that is not the meaning of the language. Section 2 of the ordinance provides "that the following amounts, or so much thereof as may be authorized by law and as may be needed, and not exceeding, in the aggregate, for each department, bureau or principal division, an amount in excess of the amount specified herein as the total amount expendible for each department, bureau or principal division, be and the same are hereby appropriated," etc. The remainder, after subtracting the amount to be deducted, at the discretion of the head of the department, under section 4, is set down in the ordinance as the total aggregate expenditure authorized, and in the recapitulation of appropriations at the end of the ordinance the amount set down opposite the name of each department is the remainder left after subtracting from the total of all the items for which appropriations are made, the amount deducted under section 4 of the ordinance. There is no doubt, therefore, that the latter amount, and not the aggregate of the items, is the amount intended to be appropriated, and the appropriations affected by this deduction were invalid because the amounts of the items appropriated for were not itemized but only the aggregate amount of the appropriation for all purposes in each department.

The appropriations for many of the departments, bureaus and divisions contain items "for personal services" and "for impersonal services and benefits," and the objection is made that these items are illegal because they do not specify the several objects and purposes or the amount required for each object and purpose. Section 3 of the ordinance requires that "the comptroller, and the heads of the other departments, bureaus and offices of the city government, shall administer the amounts appropriated in this bill

by standard accounts as specified by code numbers, designations of which may be amended or altered by the city comptroller to suit the needs of proper classifications and in accordance with the official manual of the department of finance, in which is specified the details of the commodities, services, benefits and claims chargeable to standard accounts, respectively," etc. This official manual was introduced in evidence and contains a classification of expenditures, including a schedule of commodities, services, benefits and claims alphabetically listed, and classifications to conform with standard accounts. Group "S" refers to personal services other than by employees, and includes accounting expert, architectural services, artists' services, auditing, draftsmen's services, engineering services, expert services of various kinds, investigators, legal services, medical and surgical services, photographing services, and numerous other similar items. Group "T" refers to impersonal services and benefits, and includes express and freight, livery service, railroad transportation service, telegraph and telephone service, insurance premiums, court costs, court reporting, meals for jurors, prisoners and witnesses, hospital services, laundry services, pasturing, plowing service, and other similar items. They are all expenses of a kind which the city might properly incur, and are of such a character that the amount of each could not be accurately foretold and a minute subdivision of them could not reasonably be made. Many of them are miscellaneous and contingent services and expenses, which can be provided for in advance in no other way than by a general estimate and appropriation. The purpose of these appropriations was sufficiently indicated by reference to the manual of the department of finance.

It is insisted that the levy for the department of fire was excessive to the extent of $160,000.74, but this objection is unimportant, since we have held the whole levy for this de-

partment invalid because it did not state the amount appropriated for each purpose.

Objections are made to a number of other items in the levy as not sufficiently specific, but we do not regard the objections as well taken.

Objection is also made because the appropriation ordinance does not designate what items should be paid by means of a levy of taxes. This was not required by the statute.

The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*