DAVID M. POTTER, APPELLANT, v. THE TOWNSHIP OF
UNION, IN THE COUNTY OF UNION, RESPONDENT.

Argued November 26, 1917—Decided March 4, 1918.

On appeal from the Supreme Court, whose opinion is reported in *ante p.* 129.

For the appellant, *Clark McK. Whittemore* and *Samuel Koestler*.

For the respondent, *John K. English*.

PER CURIAM.

In December, 1912, the respondent, by resolution, fixed the salary of the collector of taxes for the township of Union at the sum of $750. At the November election, 1915, the appellant was elected collector and by law his term of office began at noon January 1st, 1916, at which time the newly-elected township committee went into office, and it on the same day adopted a resolution fixing the salary of the collector at $600, and when the year had expired the appellant demanded $750, and being refused brought suit to recover it, and the defendant answered setting up the resolution which fixed the salary at $600.

Application was made to a justice of the Supreme Court to strike out this answer and order a judgment entered for $750, which was denied, and judgment entered for $600 for plaintiff from which the appellant has appealed.

We think that the court below reached a correct result and would be satisfied to affirm, for the reasons given by the justice in a memorandum filed by him, were it not for a statement in the memorandum that the fixing of the salary by a township committee only applies to the newly-elected collector during his term, and that he would not be entitled to

any salary unless it was fixed by the committee at the beginning of such term.

This conclusion of the justice was not necessary to support the result which he reached, and we do not wish, in affirming this judgment for the other reasons given by him, to accede to this proposition, for the salary is fixed for the office, payable to the incumbent, and if no change had been made by the newly-elected committee at the beginning of the term of the newly-elected collector, and before he entered on the duties of his office, he would have been entitled to be paid $750.

We think the true construction of the law is that the committee have the power to fix the salary of the incoming collector, and that when this is done it cannot be altered during the term for which he has been elected, but if the salary has been fixed by a previous committee, it remains as the salary attached to that office, unless, before he enters upon the active performance of the duties of the office, the committee fixes a different compensation.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—None.