## John Koons, Appellant, v. City of Mount Vernon et al., Appellees.*

1. INJUNCTIONS—*taxpayer's right to restrain misappropriation of public funds.* A taxpayer may have an injunction against corporate authorities to prevent their misappropriating the public funds.

2. MUNICIPAL CORPORATIONS—*city council required to fix definite compensation for city attorney.* Under Cahill's St. ch. 24, ¶ 89, and Constitution, Art. IX, § 11, providing that compensation of a public officer, including a city attorney, may not be altered during his official term, and under statutes regulating appropriations and providing the purpose thereof shall be specified in detail, the city council in making appropriations for a city attorney's compensation must provide for a definite sum therefor.

3. MUNICIPAL CORPORATIONS—*invalidity of tax levy ordinance not fixing definite sum.* A tax levy ordinance which fails to show a sum certain was appropriated for the purpose named is invalid in that regard.

4. MUNICIPAL CORPORATIONS—*license fee appropriations of uncertain amount.* An appropriation of unascertained income from license fees of a municipality is an exception to the general rule that an ordinance is invalid as to appropriations of uncertain amounts for named objects.

* Received from clerk of Appellate Court, August 8, 1927.

5. MUNICIPAL CORPORATIONS—*compensation of city attorney for special work.* Under an ordinance fixing salary of a city attorney at a stated monthly sum and additional unfixed amounts as compensation for special work, he can only receive the fixed monthly salary.

6. MUNICIPAL CORPORATIONS—*invalidity of indefinite appropriation for city attorney's compensation.* Placing a provision for an unascertained added compensation to a city attorney in the original ordinance providing for his compensation does not make such indefinite compensation valid.

7. MUNICIPAL CORPORATIONS—*city attorney's compensation to be a definite amount except as to fines.* A city attorney's compensation should be made in a definite amount except when he is to receive part of the fines collected for violations of the city ordinances, appropriations from which would not require a tax levy.

8. MUNICIPAL CORPORATIONS—*invalidity of ordinance fixing city attorney's compensation in special cases.* An ordinance fixing a city attorney's compensation for services in special assessment cases without providing the services should be those necessary to complete the cases is invalid as not fixing the definite compensation required by statute.

9. MUNICIPAL CORPORATIONS—*city attorney's right to compensation upon a quantum meruit.* A city attorney may not demand payment for services rendered the city in special assessment cases upon the theory of *quantum meruit.*

Appeal by plaintiff from the Circuit Court of Jefferson county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded with directions. Opinion filed March 10, 1924.

NOLEMAN, SMITH & DALLSTREAM, for appellant.

CURTIS WILLIAMS and CONRAD SCHULE, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court:

Appellee Williams became city attorney for the City of Mt. Vernon on May 2, 1921, for a period of two years. A city ordinance provided that he should be entitled to a salary of $50 per month, fees in each case for the violation of an ordinance equal to one-half of the fine, penalty or forfeiture paid in money, and in addition to said salary and fees he should

be entitled to charge and receive compensation for all services rendered in connection with special assessment and special taxation cases at the rate of one per cent of the estimated cost of the improvement, but in no case less than $50, nor more than $350, except in cases for the construction of sidewalks where the compensation should not be less than $10, and in case the city council should order a general revision of the ordinances he should be allowed a reasonable compensation for his services in that regard.

During this term of office Mr. Williams was paid his salary of $50 per month. On February 1, 1923, he presented his bill for $2,264.34 for services in seven special assessment cases which was allowed by the city council. Thereupon, appellant, as a citizen and taxpayer of said city, filed a bill to enjoin payment on the ground that it would be an unlawful diversion of the public funds to pay the same. Upon a hearing the court dismissed the bill for want of equity. A taxpayer may have an injunction against the corporate authorities to prevent them from misappropriating the public funds. *City of Chicago v. Nichols,* 177 Ill. 97; *Lindblad v. Board of Education of Normal School Dist.,* 221 Ill. 261.

Appellant contends that the city attorney is not entitled to additional compensation in special assessment cases because the city council did not comply with Cahill's St. ch. 24, ¶ 89, which provides that a city attorney may receive a salary, fees or other compensation to be fixed by ordinance and when so fixed the same shall not be increased or diminished to take effect during the time for which he was appointed. Section 11 of Art. IX of the Constitution, Cahill's St. Const. Art. IX, § 11, p. 22, also provides that the fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term. While the statute says that a city attorney may receive a

salary, fees or other compensation to be fixed by or-
dinance the council, by the ordinance, says he shall
receive a salary, fees and other compensation.

Cahill's St. ch. 24, ¶ 92, requires city councils, within
the first quarter of each fiscal year, to pass an or-
dinance termed the annual appropriation bill, appro-
priating such sums as may be deemed necessary to
defray all necessary expenses and liabilities of the
corporation for the year.  That ordinance is required
to specify the objects and purposes for which the ap-
propriations are made and the amount appropriated
for each object or purpose.  "No further appropria-
tions shall be made at any other time within such fiscal
year," unless under conditions not here involved.
Paragraph 94 of said act prohibits the council, or any
officer or department of the corporation, from adding
to the corporate expenditures, in any one year, any-
thing above the amount provided for in the annual
appropriations bill of that year, except as is therein
specially provided.

Paragraph 95, Cahill's St. ch. 24, of said act pro-
vides that no expense shall be incurred by any of-
ficer or department of the corporation unless an ap-
propriation shall have been previously made con-
cerning such expenses.  Paragraph 102, Cahill's St.
ch. 24, requires that all warrants drawn upon the
city treasurer shall state the particular fund or ap-
propriation to which the same is chargeable.  By
paragraph 115, Cahill's St. ch. 24, ¶ 115, the council is
required, annually, on or before the third Tuesday in
September of each year, to ascertain the total amount
of the appropriations legally made for corporate pur-
poses and to be collected from the tax levy of that
fiscal year, "and, by an ordinance specifying in de-
tail the purposes for which such appropriations are
made and the sum or amount appropriated for each
purpose respectively, shall levy the amount so ascer-
tained upon all the property subject to taxation within

the city or village as the same is assessed and equalized for State and county purposes for the current year."

We think it is very evident, from the foregoing provisions, that when the legislature declared that a city attorney may receive a salary, fees or other compensation, "to be fixed by ordinance," it intended to require the city council to make definite and certain the amount to be paid for his services. This is apparent from the provisions that "and when so fixed the same shall not be increased or diminished to take effect during the time for which he was appointed." Unless the compensation be fixed at a sum certain it cannot be told whether it has been increased or diminished. Both the annual appropriation bill and the tax levy ordinance are required to specify not only the objects for which appropriations are to be made, but also the amount appropriated for each purpose and if the ordinance shows that an uncertain amount is appropriated for some purpose it is invalid in that regard. *People v. Arnold Bros.*, 282 Ill. 305. There seems to be an exception to that rule in the case of appropriations of unascertained income from license fees. *McGovern v. City of Chicago*, 281 Ill. 264, but, although not stated, the reason for such an exception must be that in such a case there would be no tax levy required.

Under the ordinance the compensation to be paid the city attorney is uncertain in amount except as to $50 per month and nothing more than that sum could be legally included in the appropriation bill and the tax levy ordinance for any fiscal year. It could not be known in advance whether any services would be rendered in special assessment cases, the number of such cases, or what the estimated cost of any improvement might be. In one year the salary might be but $600 and for the next year $2,864.34, as claimed in the case at bar. If the council had fixed his salary at $600 per year and the ordinance contained no other

provision it would not be contended, seriously, that a subsequent ordinance could be enacted fixing his salary for the second year at $2,864.34. The ordinance fixed his salary at $50 per month with a proviso that if he rendered other services usually performed by a city attorney he should receive additional compensation therefor. Does the fact that the provision for uncertain additional compensation was put in the original ordinance alter the case? We think not. It was simply an attempt to do indirectly what could not be done directly by a subsequent ordinance. Suppose the ordinance had not fixed any definite salary other than to say that he should receive not less than $5 nor more than $25 every time he was consulted by a city officer, a committee of the council or the board of local improvements in reference to corporation business and that in special assessment cases he should receive compensation on the same basis stated in the ordinance in question. Could it be successfully contended, in such case, that the council had fixed his compensation as required by the statute? We think not, for the reason that no definite amount had been fixed. To permit the payment of $2,264.34 as additional compensation in the case at bar would be to increase his salary during his term of office in violation of the express prohibitions of the constitution and the statute. If it is permissible to allow a city attorney a salary, fees and other compensation when the statute says he may receive a salary, fees or other compensation we are of the opinion that the amount or amounts to be allowed must be made definite and certain unless, perhaps, when he is to receive a portion of the fines collected because in such case no tax levy would be required.

The ordinance in question provides for additional compensation for services rendered by the city attorney in connection with special assessment cases. It does not provide that the services shall be such as are necessary to carry the cases to a conclusion. If

he had started the special assessment cases for which he now claims compensation and had died or resigned before any of them reached a hearing he, or his estate, would be entitled to $2,264.34 under the terms of the ordinance because he had rendered services in connection with such cases. If a successor were then appointed to fill the unexpired term and he rendered services in connection with the same cases he would also be entitled to a like sum for his services in that regard. The fact that such a situation might arise shows that the city council has not fixed the compensation at a definite sum as required by the statute. The city attorney may not lawfully demand payment as upon a *quantum meruit* for services rendered. 22 R. C. L. 532.

An ordinance fixed the compensation of a village attorney at $450 per year with a proviso that in all special assessment cases and in cases in the State and Federal courts in which the village was a party he should be allowed the usual and customary fees of attorneys practicing in such courts over and above the said $450. The village attorney by direction of the board of trustees took charge of certain special assessment cases and performed the necessary services with reference thereto. He sued the village for his services in that regard and recovered a verdict and judgment for $600. The court held that the ordinance did not comply with the requirements of the statute except as to the $450 per annum which he had received and the judgment was reversed. *McGovney v. Village of Melrose Park,* 145 Ill. App. 329. We cited that case with approval in *Koons v. Richardson,* 227 Ill. App. 477, where the compensation of a city engineer was involved.

We are of the opinion that the court erred in dismissing the bill for want of equity. The cause is reversed and remanded with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded with directions.*