THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed February 16, 1927—Rehearing denied April 7, 1927.*

1. TAXES—*when the appropriation bill and levy ordinance sufficiently specify amount to be raised.* The purpose of the statute requiring that the appropriation bill of the board of commissioners of Cook county shall specify not only the objects and purposes for which appropriations are made but the amount appropriated for each object and purpose is to fix a certain and definite limit beyond which the board cannot go in expending money and levying taxes, and an appropriation for a specified purpose, "not to exceed $700,000," is sufficiently definite where the levy ordinance contains an item for a definite sum within the limitation.

2. SAME—*what is sufficient itemization of tax.* In itemizing the various objects for which a tax is to be levied it is not necessary to specify in detail the persons to whom the money raised by the tax is to be paid, provided the amount required to be raised for each specific purpose is stated; and the fact that an item in the annual levy ordinance of Cook county for nursing in hospitals specifies more than one hospital does not require that the amount for each hospital be specified, the entire levy being for the one specified purpose.

3. SAME—*when publication of annual appropriation bill of park district is sufficient.* Publication of the annual appropriation bill

of a park district is sufficient where the newspaper in which the publication ran, although largely given over to advertising, contained news items and was published weekly for about three years preceding the publication of the ordinance and had an extensive circulation in territory in which the park district was located.

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

BRUNDAGE, LANDON, HOLT & BOORD, (ROBERT N. HOLT, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CONNELL, and CHARLES J. OBERMEYER, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling objections of appellant to the application of the county treasurer and *ex-officio* collector of taxes of Cook county for judgment for delinquent taxes and entering judgment against the lands of appellant for the county tax of Cook county and the tax of the North Shore Park District.

Appellant in its brief states: "As to the taxes for the county of Cook the objections set forth that the annual appropriation ordinance and the annual levy ordinance for 1925 contained the following item:

" '*Hospital Nursing Fund*—For nursing services in all departments of the County General Hospital and the Psychopathic Hospital, on a basis of a daily average of not to exceed 450 employees on duty in the General Hospital and an average of 90 employees on duty in the Psychopathic Hospital and including depreciation of buildings, furniture and fixtures, etc., payment for such services and expenses to be at cost and not to exceed $700,000.'

"The objections set up that this item was not an appropriation or levy for a definite amount, as required by law.  It only provided that the appropriation and levy was 'not to exceed' a certain amount."

Section 64 of chapter 34 (Smith's Stat. p. 567,) provides that the board of commissioners of Cook county within the first quarter of each fiscal year shall adopt a resolution to be termed the annual appropriation bill, by which the board shall appropriate such sums of money as may be necessary to defray all necessary expenses and liabilities to be incurred until the adoption of the next appropriation bill. The bill must specify the several objects and purposes for which the appropriations are made and the amount appropriated for each object or purpose.  No contract can be made or liability incurred by the board (except in certain emergencies specified in the act) unless an appropriation therefor has been previously made, and the amount specified in the bill cannot be exceeded by the board.  The purpose of this statute is to fix a certain and definite limit beyond which the board cannot go in expending money, contracting liability or levying taxes.  An appropriation bill which names a sum which cannot be exceeded fixes such limit and accomplishes the purpose of this statute.  The item for "Hospital Nursing Fund" in the appropriation bill in question fixed the limitation which could not be exceeded by the board at $700,000, and was not, therefore, void as being for an indefinite sum but authorized an appropriation and tax levy of $700,000 or any lesser sum.  A tax levy ordinance differs from an appropriation bill in that the tax levy ordinance is the authority which the county clerk has for extending a tax, which of necessity must be extended for a definite sum.  The tax levy ordinance must therefore name some definite sum to be levied (*People* v. *Arnold Bros.* 282 Ill. 305,) and name some sum which the clerk must not exceed in extending the tax.  While appellant in its brief states that both the appropriation bill and the tax levy ordinance

contained the item for hospital nursing fund in the language above quoted, and appellee in his brief does not dispute this statement but argues that the amount is not indefinite in either of them, an inspection of the record does not disclose the terms of the tax levy ordinance but does disclose the fact that it was stipulated by the parties on the trial that the levy ordinance for general corporate purposes contained an item of $420,140 for this same hospital nursing fund. According to this stipulation the levy was for a definite sum and within the limitation of the appropriation bill.

Another objection to this item is that it is not itemized, as required by law. The evidence shows that Cook county had entered into a contract with the managements of the two hospitals named in the appropriation to pay for nursing the actual cost of such nursing and the depreciation of the buildings, furniture, fixtures, etc. While this item specifies more than one hospital in which the fund was to be used, the tax to be raised was for a single purpose,— *i. e.,* the payment for nursing in hospitals. In itemizing the various objects for which a tax is to be levied it is not necessary to specify in detail the persons to whom the money raised by the tax is to be paid. It is sufficient that the amount required to be raised for each specific purpose be stated. This objection was not well taken.

An objection is made to the North Shore Park District tax on the ground that the annual appropriation bill of the park district was not published in a newspaper, as required for appropriation ordinances of cities and villages, the specific objection being that the *Howard News* (the paper in which the ordinance was published) was not a newspaper of general circulation, as required by law. The publisher of this paper testified that the only purpose of the paper was to sell advertising; that while they had subscription lists and a mailing list, they preferred, as a practical thing, to avoid a subscription list; that the paper

had been published and circulated weekly for about three years preceding the publication of the ordinance, and that 15,000 copies were during that period distributed weekly in the territory north of Devon avenue, in the city of Chicago, and between Lake Michigan and Western avenue, which territory includes the North Shore Park District. The evidence also shows that the *Howard News* employed reporters and published news generally of social, religious, political and fraternal affairs and items relating to real estate and business transactions in that territory, as well as all news of a strictly local character; that they had reporters attend every meeting of the park board and publish such of the proceedings as might be of interest; that they published news from the various clubs and business men's organizations in the district; that the papers were turned over to a company for distribution; that it put a copy of the paper in each dwelling house and flat in the district. A copy of the issue containing the ordinance in question was introduced in evidence as an exhibit and certified to this court for our inspection. It contains fourteen pages, each 23 by 16 inches. While it is devoted very largely to advertising, the issue in question contains 125 news items. A newspaper could not have had a more general circulation in the district. The evidence was sufficient to warrant the county court in holding that the publication of the ordinance in the *Howard News* was a compliance with the law and in overruling appellant's objection to the park district tax in question.

The judgment of the county court will be affirmed.

*Judgment affirmed.*