GEORGE M. STEVENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46342. Promulgated January 15, 1935.

*George M. Stevens, Esq.*, pro se.
*Isadore Graff, Esq.*, for the respondent.

#### OPINION.

MCMAHON: This is a proceeding for the redetermination of an asserted deficiency in income tax in the amount of $233.99 for the year 1926.

The only issue raised herein is whether the respondent erred in determining that the amount of $7,119.61 was not received by the petitioner in 1926 as compensation for services rendered as an officer or employee of the village of La Grange, Illinois, in the exercise of essential governmental functions and therefore is subject to income tax.

The petitioner is, and since 1913 has been, a resident of the village of La Grange, Cook County, Illinois. The petitioner is a practicing attorney at law and associated in the general practice of law as senior member of the law firm of Winters, Stevens, Risk & Griffith. The offices of the firm and petitioner are in Chicago, Illinois, about 14 miles from La Grange. Winters was not an active member of the firm. The law firm at no time employed more than two law clerks, who were paid out of partnership funds. Melvin L. Griffith, member of petitioner's law firm, acted as village attorney for the village of Homewood, Illinois, and, among other things, did special assessment work for that village.

In the spring of 1919 petitioner was appointed attorney for the village of La Grange by the president and board of trustees of such village. He took the oath of office prescribed by statute and gave bond in the sum of $500 as required by the ordinances of La Grange. Each year thereafter, up to the present time, he was in like manner, after the annual election in the spring, appointed as attorney for such village, taking the prescribed oath and giving bond.

Chapter II of the village ordinances of La Grange provides, as far as applicable herein, that the " officers of the Village of La Grange shall consist of A President, A Board of six Trustees

* * * A Village Attorney * * * "; that the village attorney shall be appointed by the president with the approval of the board of trustees; that all officers shall hold their offices during the municipal or fiscal year in which they are appointed and until their successors are appointed and qualified; that all officers whether elected or appointed shall before entering upon the duties of their respective offices take and subscribe to the oath or affirmation set forth therein; and that the village attorney shall be required to give bond payable to the village of La Grange in an amount not less than $500.

Chapter III of the ordinances of La Grange is as follows:

10. The Law Department shall consist of the Village Attorney.

11. It shall be the duty of the Village Attorney to give the necessary attention to all suits in every court of record in which the Village of La Grange is a party or directly interested. He shall appear as the attorney in behalf of any officer of the village in any suit, prosecution or other judicial proceeding, brought by or against such officer in his official character, and, as the case may require, shall prosecute or defend to the termination thereof.

12. He shall give his legal opinions in writing to the Board of Trustees or any committee thereof, or the President, when requested, on legal questions arising under or concerning any ordinance of the village, and on legal questions and subjects in which the village shall be legally interested.

13. He shall keep in proper books, provided for the purpose, a docket of all suits prosecuted or defended by him, in which shall be briefly entered all steps taken in each cause.

14. He shall attend the meetings of the Board of Trustees, and on or before its first meeting in April, of each year, make a report in writing to said Board, of all suits, prosecutions, or actions, prosecuted or defended by him, during the preceding year, of the names of the parties thereto, of the titles of the courts in which they were commenced, of their progress and final disposition and other information concerning the legal interests of the village which he may deem necessary or proper.

15. He shall execute a bond with sureties satisfactory to the Board of Trustees in the sum of $500 for the faithful discharge of his duties.

16. The Village Attorney shall receive such compensation as the President and Board of Trustees shall from time to time direct.

Since his appointment in 1919, the petitioner represented the village of La Grange in all of its routine legal matters, in matters before courts and commissions, including proceedings against village officers and in all special assessment proceedings and cases instituted by or on behalf of such village, including taking estimates in regard to special assessments as they came from the village engineer; preparing legal parts of resolutions and ordinances; preparing exhibits; keeping a record of the meetings of the board of local improvements; preparing and mailing all notices of public hearings; preparing and presenting recommendations and ordinances necessary for the initiation of public improvements; preparing and filing the necessary petitions in special assessment proceedings in court; preparing and submitting for the approval of the engineer the assessment rolls in

connection with local improvements; preparing formal reports, affidavits, etc., necessary to be presented as a part of assessment rolls; representing the village in all hearings in court up to the time of the confirmation of the assessment roll and thereafter taking all necessary steps and doing all necessary work to procure the approval of the court; preparing notices for the letting of contracts and the award of contracts; preparing contracts with contractors; keeping a record showing moneys due and paid to contractors in connection with all public improvements; and preparing all necessary certificates, vouchers, and bonds concerning the payment of money in connection with local improvements. He attended all the meetings of the board and committees held at La Grange. All other legal work was performed in the offices of petitioner in Chicago by petitioner or under his direction. Ever since May 1919 petitioner has been the only village attorney appointed by the president and board of trustees.

While petitioner maintained his law office in Chicago and conducted an independent practice when time permitted, he gave priority to all of the village work as it came to his attention.

The spreading of the special assessment rolls was done by one Mitchell, a resident of La Grange, who had an office in petitioner's suite of offices and who during 1926 was designated as commissioner to spread the rolls by the president and board of trustees of La Grange. He received 1 percent of the amount confirmed. The petitioner personally never assisted in the spreading of assessment rolls.

No ordinance was adopted by the board of trustees in 1926 fixing definitely the salary, fees, or compensation of village attorney. During the year 1926 the petitioner was paid by the village of La Grange $75 per month for routine work, such as attending board meetings and drawing ordinances, other than appearances in court and before commissions and special assessment proceedings; $75 per day for appearances before courts of record and commissions, other than special assessment proceedings; and 2 percent on the amount confirmed on all assessments handled by him for the village. Originally he received 3 percent on the amount of the contract price of special improvements.

The petitioner's compensation for services rendered as village attorney was fixed by the president and the board of trustees. No negotiations were had at any time between petitioner and the board as to his compensation. It has been the same since his first appointment in 1919, excepting the change in the compensation for special assessment work, which was changed not by negotiations, but by direction of the village board because of criticism to the effect that

the percentage paid the engineer and the attorney was based on an estimate which was higher than the actual award. The consent of petitioner was not required to effect any change in the amount of his compensation.

The village was billed either by petitioner as an individual or by the partnership or on a partnership billhead, for the services rendered on a $75 per diem basis. With regard to his services in special assessment proceedings the compensation was set up in the record of the proceeding itself and village vouchers were issued for the amounts so set up.

In 1926 the petitioner received $12,951.83 as his share of the partnership fees in addition to the fees received from the village of La Grange. The petitioner deducted for the year 1926 only the 47.5 percent of the amount of the fees received by him from the village of La Grange as exempt from taxation and not the entire amount.

From the statement attached to the notice of deficiency, copies of both of which are appended to the petition herein, it appears that the petitioner reported in his 1926 income tax return a net income of $7,883.30, to which amount the respondent added $7,119.61 as unreported attorney fees, with the following explanation:

The amount of $7,119.61, representing your share of fees received by the law firm of Winters, Stevens, Risk & Griffith for work done by the partnership for the Board of Local Improvements of the Village of Homewood, [La Grange] which was distributed to you and which you excluded from taxable income on the ground that, as income from municipality it was exempt, has been included as taxable income.

The evidence in the file shows that the services are rendered by the partnership and the fees in question were included in the income of the partnership and later divided among the respective partners in the following proportion:

George M. Stevens_____ 47½%
Melvin L. Griffith_____ 20%
J. C. Risk_____ 32½%

The evidence also shows that the partnership also acts as special attorney for other villages.

It is the opinion of this office that the relations between the village and the partnership were contractual as between attorney and client and that the partnership may not be considered an officer or employee of the municipality within the meaning of Article 88 of Regulations 69.

The services were rendered by agreement, they were not of continuous tenure, they were not services established by law and regulations and may not be considered as rendered in connection with the exercise of essentially governmental functions.

From the briefs, statements of counsel, and copy of notice of deficiency appended to the petition herein, we gather that the respondent determined that the monthly salary of $75, or $900 per year, paid by the village of La Grange to petitioner in 1926 was exempt from Federal taxation and that respondent increased petitioner's reported net

income by the addition thereto of $7,119.61 representing petitioner's partnership share or 47½ percent of the compensation received from such village for services, other than routine services, rendered by petitioner or under his direction.

The respondent, on brief, concedes that, by virtue of section 11, article XI, chapter 24, Cahill's Illinois Revised Statutes, 1925, providing that:

* * * The president and board of trustees may appoint * * * such other officers as may be necessary to carry into effect the powers conferred on villages, to prescribe their duties and fees * * *.

and chapters II and III of the village ordinances, one creating the office of village attorney and the other prescribing his duties, the petitioner was an officer of the village of La Grange in 1926. The respondent contends, however, that the amount of $7,119.61, constituting 47½ percent of the compensation which the petitioner received from the village of La Grange in 1926 and which respondent added to petitioner's reported income was not paid to him pursuant to any ordinance definitely fixing the amount of his compensation as required by chapter 24, article VI, section 15 of Cahill's Illinois Revised Statutes, 1925, and that he therefore can not claim he received such compensation as a village officer, citing *Koons* v. *Richardson*, 227 Ill. App. 477; *Koons* v. *City of Mt. Vernon*, 245 Ill. App. 165; *McGovney* v. *Village of Melrose*, 145 Ill. App. 329. The question in issue therefore relates only to the amount of $7,119.61.

In the latter case it appears that McGovney was appointed village attorney in May 1904. The office of village attorney had therefore, in 1900, been created by ordinance, providing for the appointment of such officer annually and prescribing his duties. Section 8 of such ordinance fixed the compensation of the village attorney at $450 per annum and provided that in all special tax or assessment cases carried into courts of record and in all cases in state courts of record and the courts of the United States in which the village might be a party, such village attorney should be allowed the usual and customary fee of attorneys practicing in such courts over and above the annual compensation of $450. The Appellate Court of Illinois reversed the judgment rendered by the trial court, which held that McGovney was entitled to recover compensation other than the annual salary, stating in part as follows:

By this section [section 15, article 6, Hurd's Rev. Stat. 1905, p. 307] the board of trustees is limited to fixing the salary of the village attorney by ordinance. *"Fixing"*, *as used in the section, can only mean making definite and certain.* This is apparent from the words following, "such fees or compensation shall not be increased or diminished, to take effect during the term for which any such officer was elected or appointed." Manifestly, unless the compensation be a sum certain, it cannot be told whether it has been increased or diminished.

By section 8 of the village ordinance, appellee's compensation or salary was fixed at $450 per annum. By section 15 of article 6 of appellant's charter, quoted *supra*, that salary could not be increased so as to take effect during appellee's official term; but, by the provision of section 8 of the ordinance, it is provided that the compensation may be increased an indefinite amount. In other words, section 8 of the ordinance provides for the doing of that which appellant's charter expressly prohibits. *The provision is illegal and void.* The charter provision prohibiting increase of an officer's compensation, to take effect during his official term, is so important that it is incorporated in the constitution in respect to the compensation of state and county officers. * * * [Emphasis ours.]

The Supreme Court of Illinois affirmed the judgment of the appellate court holding that the village attorney could not recover compensation in excess of the fixed annual salary for services during the year of his appointment in the absence of any entry in the proceedings of the village board showing a special employment, although there was a record of his appointment as village attorney. *McGovney* v. *Village of Melrose Park*, 89 N. E. (Ill.) 264. This case is cited with approval in *Koons* v. *Richardson, supra,* and *Koons* v. *City of Mt. Vernon, supra.*

In this proceeding it appears that the village of La Grange, by chapter II of its ordinances created the office of village attorney and by chapter III thereof prescribed his duties, which provisions are broad enough to cover services in special assessment cases and others as well. Therefore, under the laws and above cited cases the village could not be compelled to pay and the petitioner would not be entitled to recover any compensation in excess of the salary fixed by the president and board of trustees without a showing of special employment. It is, therefore, not unreasonable to assume that any compensation in excess of $75 per month was paid to and received by petitioner under special employment and as an independent contractor and not as an officer of the village.

We, therefore, hold that anything in excess of that amount paid to petitioner is not exempt from Federal taxation under the implied constitutional prohibition against Federal taxation of the compensation of an officer of a political subdivision of a state for services rendered in the exercise of governmental functions.

The petitioner contends that in any event he was an employee of the village. In that connection he testified that all the work performed by him as village attorney was done either under the direction of the board as a whole or the regularly constituted committees of the board. However, there is no evidence showing that the board or any committee " exercised *any detailed control as to what should be done, and how it should be done,* which is essential to the relationship of employer and employee." (Emphasis supplied.) *Haight* v. *Commissioner*, 52 Fed. (2d) 779, affirming *George I. Haight*, 14 B. T. A. 844.

See also *Lucas* v. *Howard*, 280 U. S. 526; *Lucas* v. *Reed*, 281 U. S. 699; *Burnet* v. *Jones*, 50 Fed. (2d) 14; *Burnet* v. *McDonough*, 45 Fed. (2d) 944; *George H. Gabel*, 25 B. T. A. 60; *Register* v. *Commissioner*, 69 Fed. (2d) 607; *Richard F. Burgess*, 69 Fed. (2d) 609.

In our opinion petitioner was not a village employee in the year involved and in particular in rendering services in special assessment matters which usually involve statutory proceedings and are quite technical in scope.

Decisions involving questions similar to the questions here raised necessarily rest upon the facts presented in each case and therefore no useful purpose would be served by discussing all the cases cited by counsel.

In view of our holding, we deem it unnecessary to consider whether some of the services rendered by the petitioner in special assessment matters were not rendered in the performance of an essential governmental function as contended by respondent.

*Decision will be rendered for the respondent.*