SIGURD A. EMERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 77307, 77309. Promulgated April 20, 1937.

*Clark McK. Whittemore, Esq.*, for the petitioner.
*S. L. Young, Esq.*, for the respondent.

OPINION.

HARRON: On the pleadings petitioner raises an issue with respect to the bar of the statute of limitations against the assessment of a deficiency for both of the taxable years involved. This contention appears to have been abandoned but in any case it must fail in the absence of evidence showing the date on which the petitioner's returns were filed. *Fremont Canning Co.*, 17 B. T. A. 484; *Mary G. Iba*, 20 B. T. A. 222.

The remaining issue in these proceedings is whether petitioner's compensation as township attorney for the township of Hillside, New Jersey, in 1930 and 1932 is exempt from Federal income tax under the constitutional immunity of officers of state instrumentalities from Federal taxation. Petitioner contends that he was an officer of a political subdivision of the State of New Jersey.

We agree that the petitioner was an officer of the township of Hillside. Under the Township Act of New Jersey, a township attorney is specifically designated as one of the "appointive township officers" to be appointed by the township committee. Pursuant to the statute the township committee duly appointed the petitioner to that office by official resolution. He took the oath of office which the statute requires of all officers whether elective or appointive. His term was fixed by statute at one year and he handled all the legal business of the township during his two terms of office. It is conceded by the respondent that in all of his work for the township the petitioner was engaged in the performance of essential governmental functions. The case of *Halsey* v. *Helvering*, 75 Fed. (2d)

234, held that a township engineer in New Jersey, another of the "appointive township officers" *provided for in the same section of the New Jersey Township Act involved here,* was a township officer within the constitutional immunity of officers of state subdivisions from Federal taxes. On the authority of that case we hold the petitioner to be an officer of the township of Hillside.

The question then arises whether the petitioner's entire compensation received from the township of Hillside was received by him as an officer and is therefore exempt from tax, or whether the fees he received over and above his retainer were for services outside of his official duties and were therefore not received by him as an officer. Where the local statutes require that the compensation of an officer be fixed *in advance* and shall not be subject to increase or diminution during his term of office, it has been held that any compensation in addition to that *fixed in advance* was necessarily paid under special engagements for the performance of services outside of the duties of office because of the well established principle that where the emoluments of an office are fixed no additional compensation can be paid for the performance of the required duties of office. *George M. Stevens,* 31 B. T. A. 1035. That principle, by its terms, applies where the compensation is "fixed" *in amount* in advance. The compensation of this petitioner was not fixed in amount, in advance, except the retainer covering his attendance at meetings, nor does it appear from the terms of the New Jersey Township Act, or from any local decisions which we have been able to find, that the statute requires the amount of the compensation of the township attorney to be fixed *in advance.* Comp. Stats. of New Jersey, vol. 4, p. 5585, § 32. Cf. *Smathers* v. *Board of Chosen Freeholders,* 113 N. J. L. 281; 174 Atl. 336, where the amount of compensation was fixed after the performance of services. The Township Act apparently provides that if the amount of compensation is fixed in advance it shall not be altered so as to affect any one then in office. *Potter* v. *Union Township,* 103 Atl. 78, affirming 106 Atl. 215.

In the case of *Halsey* v. *Helvering, supra,* the compensation of the township engineer was fixed as to a retainer of $200 per annum, plus 5 percent of the amount of all contracts for public improvements awarded by the township during his administration. It is apparent that the amounts Halsey received above the retainer were subsequently approved by the township committee each time contracts were approved and these amounts were at a rate of 5 percent. His compensation was not fixed in advance except as to the rate and method of payment. The Court of Appeals for the District of Columbia found that all of Halsey's services were performed in execution of his duties as township engineer. In this proceed-

ing, all the services performed by petitioner were those ordinarily performed by a township attorney and we conclude were in the execution of his official duties. Cf. *State Consolidated Publishing Co.* v. *Hill*, 3 Pac. (2d) 525 (Ariz., 1931). While no rate of compensation was fixed, as in the *Halsey* case, the method was clearly to pay him on a *quantum meruit* basis by approving payment of fees to him after services were completed. The township committee approved all the payments made to him during his two terms of office in the amounts involved here, thereby fixing his compensation retroactively. We believe this is permissive under the Township Act governing the township of Hillside, Comp. Stats. of New Jersey, vol. 4, p. 5585, § 32, which gives the township committee authority to fix the method of compensation as well as the compensation. See also, *Smathers* v. *Board of Chosen Freeholders*, *supra*, where the fixing of compensation retroactively is approved under a similar statute.

It is accordingly held, following the authority of *Halsey* v. *Helvering*, *supra*, that in view of the pertinent statute of New Jersey governing townships, the entire compensation paid by the township to its officer, the petitioner, for services in execution of his duties, is properly exempt from Federal taxation.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

---

DISNEY, dissenting: I dissent except as to the amount of the retainer received by petitioner. The appointment of petitioner was on "a $500 retainer" for the year 1930, and on "a retainer of $500 per annum and fees" for the year 1932. It seems obvious that the "fees" above the retainer were necessarily the subject, in each instance, of agreement. Agreement is contract. It seems to me, therefore, that it is inescapable that as to the compensation received above the retainer the petitioner was an independent contractor. Certainly, as to said fees, his original employment did not comprise a completed contract, the amount of compensation being left undecided. If petitioner and the township had been unable to agree upon the fees, the township, so far as I can see, could have employed someone else to do the work in any particular instance; or, if petitioner had performed the services in any particular instance without previous agreement as to fees, he would have had to rely upon *quantum meruit*. His original appointment, therefore, offered no means of determining his compensation. Further contract being necessary as to all amounts except the retainer, in my opinion petitioner was an independent contractor.

Furthermore, his duties were not prescribed either by statute or township ordinance, and,. except for the attendance of meetings of the township committee for which he was paid $500, he had no tenure of office, but each case in which he rendered service was a separate matter, subject to agreement as to payment of fees. This situation seems to me squarely to negative the essential elements of the definition of the term "officer." The very fact that the $500 was received for definite services—attendance of township committee meetings—seems to exclude the remainder of petitioner's earnings from consideration in the same category with those earned under the continuous tenure of an officer, on a fixed basis, and necessarily to leave them subject to contract in each instance. In *Saxe v. Anderson*, 19 Fed. Supp. 21, the earnings of a special guardian and referee appointed by the court were refused exemption with the statement: "Here the taxpayer's tenure and jurisdiction were limited to the case referred to him." Except as to the attendance at township committee meetings, duly compensated for by a fixed sum and contracted for a fixed period, I must apply the above language to the present petitioner.

LEECH agrees with this dissent.